CITY OF DETROIT v LUFRAN COMPANY

Docket No. 81316. Submitted April 10, 1986, at Detroit. Decided April 7, 1987. Leave to appeal applied for.

In condemnation proceedings brought by the City of Detroit under the Uniform Condemnation Procedures Act against Lufran Company, a Wayne Circuit Court jury awarded $1,400,000 to defendant as compensation for its property. Defendant filed a motion requesting expert witness fees of $42,875 for Gerald Anderson and $49,175 for William Walsh. The trial court, David C. Vokes, J., awarded $29,000 for each expert. Defendant appealed.

The Court of Appeals *held:*

1. Under § 16 of the Uniform Condemnation Procedures Act, experts are properly compensated for court time and the time required to prepare for their testimony as experts, i.e., as individuals whose specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. The trial court properly ruled that fees for conferences with counsel to educate counsel about expert appraisals, for strategy sessions, and for critical assessment of plaintiff's position are not properly recoverable under the act.

2. The trial court's award of expert witness fees for trial preparation was not grossly inadequate, nor did it represent an abuse of discretion.

3. The trial court did not abuse its discretion in denying admission of evidence of fees paid by plaintiff to its expert witnesses in proceedings involving other condemnees.

Affirmed.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — EXPERT WITNESS FEES — RULES OF EVIDENCE.

Expert witness fees for court time and time required to prepare

REFERENCES

Am Jur 2d, Costs § 65.
Am Jur 2d, Eminent Domain §§ 425, 477.
Am Jur 2d, Evidence § 249.
Eminent domain: Condemnor's liability for costs of condemnee's expert witnesses. 68 ALR3d 546.

for testimony as an expert, i.e., as an individual whose specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, are properly recoverable under the Uniform Condemnation Procedures Act by a condemnee who receives a money judgment following a trial (MCL 213.66; MSA 8.265[16]; MRE 702).

2. EVIDENCE — TRIAL — RULES OF EVIDENCE.

Denial or admission of evidence on the ground that it would lead to confusion of issues is within the discretion of the trial court (MRE 403).

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Joseph N. Baltimore,* Assistant Corporation Counsel, for the City of Detroit.

*Mason, Steinhardt & Jacobs, P.C.* (by *Frederick D. Steinhardt* and *Walter B. Mason, Jr.*), for Lufran Company.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. L. SULLIVAN,* JJ.

D. L. SULLIVAN, J. Defendant appeals the trial court's award of expert witness fees pursuant to § 16 of the Uniform Condemnation Procedures Act, MCL 213.66; MSA 8.265(16).

Plaintiff, City of Detroit, condemned property belonging to defendant within the Central Industrial Park Project (Poletown). Defendant employed two expert witnesses, Gerald Anderson and William Walsh, to give testimony as to the value of its property. Subsequent to a jury award of $1,400,000, defendant moved for compensation for its experts for services rendered in the course of litigation. Specifically, defendant requested $42,875 for Anderson's services and $49,175 for Walsh's services.

* Circuit judge, sitting on the Court of Appeals by assignment.

The trial court heard testimony that the flat fee for an appraisal was $25,000 each for Anderson and Walsh. This appraisal included an examination of "comparables" and ultimate identification of the "least costly desirable substitute." The remainder of the experts' fees were incurred at a rate of $100 per hour. Defendant submitted itemized billing summaries of Anderson and Walsh. These summaries included hourly figures for meetings, conferences with attorneys, "review" of the experts' files and appraisal reports, preparation for trial, and appearance at court. The testimony of Walsh and Anderson indicated that the time billed under each of these items included continual review of the appraisal reports, reviewing comparables learned of after submission of their appraisals, discussion of the "legal perimeters" of their testimony, educating the attorneys about the standards used in their appraisals, trial strategy sessions, critical assessment of the city's comparables, time present in court, and time spent testifying.

The trial court awarded the $25,000 flat fee to each expert for his appraisal and awarded $4,000 to each expert, $2,000 for review and preparation for trial, and $2,000 for court time. The court's denial of additional amounts can be summed up by the following from the court's written opinion: "This Court does not believe that the appraisers are entitled to be compensated as consultants, [and] the Court does not believe that all of the review time was necessary." Defendant appeals, attacking the trial court's award on two fronts: (1) defendant claims that MCL 213.66; MSA 8.265(16) permits appraisers to be compensated as consultants; and (2) defendant claims that, assuming arguendo appraisers are not properly compensated as consultants, the trial court's ultimate award

evidences an abuse of discretion. We address those claims in order.

1980 PA 87, § 16; MCL 213.66; MSA 8.265(16), provides in relevant part:

> (1) A witness, either ordinary or expert, in a proceeding under this act shall receive from the agency the reasonable fees and compensation provided by law for similar services in ordinary civil actions in circuit court, including the reasonable expenses for preparation and trial.
>
> *    *    *
>
> (4) Expert witness fees provided for in subsection (1) shall be allowed with respect to an expert whose services were reasonably necessary to allow the owner to prepare for trial. The agency's liability for expert witness fees shall not be diminished or affected by the failure of the owner to call an expert as a witness if the failure is caused by settlement or other disposition of the case or issue with which the expert is concerned.

Defendant contends that subsection (4) permits compensation for all experts' "services . . . reasonably necessary to allow the owner to prepare for trial." We disagree.

We do not read the words "services . . . reasonably necessary to allow the owner to prepare for trial" in subsection (4) as defendant does, i.e., as modifying "expert witness fees." Rather, that language describes *only* those experts whose fees are recoverable, i.e., those "whose services were reasonably necessary to allow the owner to prepare for trial." We believe that our reading is buttressed by the second sentence of subsection (4) which provides that an agency's liability "shall not be diminished or affected by the failure . . . to call an expert as a witness if the failure is caused by settlement or other disposition." The expert wit-

ness fees recommended for an expert whose services were reasonably necessary to allow the owner to prepare for trial are those fees "provided for in subsection (1)."

Subsection (1) of § 16 provides that an expert witness "shall receive . . . the reasonable fees and compensation provided by law for similar services in ordinary civil actions in circuit court, including the reasonable expenses for preparation and trial."

The "fees and compensation provided by law for similar services in ordinary civil actions in circuit court" refers to the statutory provision of MCL 600.2164; MSA 27A.2164. See *Security Life Ins Co v Schwartz,* 221 Mich 496; 191 NW 216 (1922); *City of Holland v Green,* 25 Mich App 565, 571, n 1; 181 NW2d 821 (1970). That statute, § 2164 of the Revised Judicature Act provides:

(1) No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award, shall be guilty of contempt of court, and on conviction thereof be punished accordingly.

As we read the statutes, the only difference between amounts properly paid experts under § 2164 of the RJA and § 6 of the Uniform Condemnation Procedures Act is that the award of expert witness fees for trial preparation time is discretionary under § 2164, see *Gunderson v Village of Bingham Farms,* 1 Mich App 647; 137 NW2d 763 (1965), while mandatory under § 16.

We believe that, read in the conjunctive, experts are properly compensated under MCL 213.66; MSA 8.265(16) for court time and the time required to prepare for their testimony as experts, i.e., as individuals whose specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. MRE 702. See *State Highway Comm'r v Rowe,* 372 Mich 341, 343; 126 NW2d 702 (1964). Therefore, we do not regard conferences with counsel for purposes such as educating counsel about expert appraisals, strategy sessions, and critical assessment of the opposing party's position to be properly compensable as expert witness fees. In this regard, we agree with the following observation of the trial court:

> This Court does not believe that when an appraiser renders services that go beyond and without the scope of the type of services that would normally be believed as those to be rendered by a persion [sic] in his position or profession, that such services should be taxable costs. There is nothing illegal in the owner [sic] hiring a personal advocate, but the statute made provision for the compensation to be paid to an attorney. It does not provide for fees to be paid a consultant nor does it provide that when such payment is made that [sic] the expenditure may be taxed as costs.
>
> This Court believes that the appraiser must never leave the witness stand as an expert witness and become a litigant, an advocate or an attorney in fact. If the appraiser is allowed to do that than [sic] the entire value of the appraisal system is destroyed. The Court cannot believe that any of the bar committees or the members of the legislature ever envisioned the appraiser becoming a mercenary for either the condemnee or the condemnor.

We next address defendant's claim that, assum-

ing arguendo the trial court properly construed the statute, its award for trial preparation was grossly inadequate and represents an abuse of discretion. We find this claim to be without merit.

The trial court awarded defendant's experts the full fee for their appraisals and twenty extra hours, at $100 per hour, for further trial preparation. We agree with the trial court that the tremendous time and effort used to prepare the appraisal was significant preparation and permitted defendant's experts to well acquaint themselves with the subject matter of this suit. Other than the abridged billing summaries on the experts' time sheets, the record provides few specifics of how the additional hours tabulated were spent by the experts. The burden of proof rests upon the one who has the affirmative of an issue. 11 Michigan Law & Practice, Evidence, § 21, p 159. From the record before us, we cannot say that the trial court abused its discretion in finding that the weight of constant review thereafter was not necessary to trial testimony, but was either repetitious or done with an eye toward assisting the attorneys in their legal theories and presentation of defendant's case.

Finally, defendant contends that the trial court erred when it excluded evidence of fees paid by the City of Detroit to its experts for other Poletown parcels. Denial or admission of evidence on the ground that it would lead to confusion of issues is within the discretion of the trial court. MRE 403. Because all amounts so paid would not necessarily be compensable if the city were the property owner whose property was being condemned, we find no abuse of discretion.

Affirmed.