MACOMB COUNTY ROAD COMMISSION v FISHER

Docket No. 102823. Submitted June 7, 1988, at Detroit. Decided
August 16, 1988.

The Macomb County Road Commission brought a condemnation
action against Ruth V. Fisher and Freda M. Gores in the
Macomb Circuit Court. Defendants challenged the necessity of
the taking and the court denied their challenge. Defendants
sought expert witness fees, which were denied, Michael D.
Schwartz, J. Defendants appealed.

The Court of Appeals *held:*

The condemning authority in a condemnation proceeding is
required to pay reasonable and necessary expert witness fees
incurred by the landowners even when the landowners' chal-
lenge of need and necessity is unsuccessful.

Reversed and remanded.

1. WORDS AND PHRASES — "SHALL" — "MAY".

"Shall" is generally used to designate a mandatory provision
while "may" designates a provision which grants discretion.

2. EMINENT DOMAIN — WITNESS FEES — UNIFORM CONDEMNATION
PROCEDURES ACT.

The condemning authority in a condemnation proceeding is re-
quired to pay reasonable and necessary expert witness fees
incurred by the landowners even when the landowners' chal-
lenge of need and necessity is unsuccessful (MCL 213.66; MSA
8.265[16]).

*Peterson, Hay & Comsa, P.C.* (by *William L.
Hay*), for plaintiff.

*H. C. Rosely, P.C.* (by *H. C. Rosely*), for defen-
dants.

REFERENCES

Am Jur 2d, Eminent Domain §§ 473 *et seq.*
Am Jur 2d, Witnesses §§ 23-27.
Eminent domain: condemnor's liability for costs of condemnee's
expert witnesses. 68 ALR3d 546.

Before: Kelly, P.J., and Gribbs and C. W. Si-mon,* JJ.

Gribbs, J. Defendants appeal as of right from a Macomb Circuit Court order denying expert witness fees pursuant to § 16 of the Uniform Condemnation Procedures Act, MCL 213.66; MSA 8.265(16). We reverse.

This case arose from the taking of private property for the purpose of replacing a bridge on Armada Ridge Road in Armada Township and for providing roadway approaches to the bridge. Defendants, as property owners, filed a challenge to the necessity of acquisition pursuant to MCL 213.56; MSA 8.265(6).

The trial court conducted a hearing on defendants' challenge. Experts testified for both sides. The trial court entered an order denying defendants' challenge to necessity on April 17, 1986. Defendant Ruth V. Fisher was rendered just compensation of $2,075; defendant Freda Gores received $7,500 for her property. The trial court denied defendants' petition for $9,370 in expert witness fees for defendants' expert in bridge and highway design.

The question on appeal is whether the condemning authority in a condemnation proceeding is required to pay reasonable and necessary expert witness fees incurred by the landowners when the landowners' challenge of need and necessity is unsuccessful. The relevant statute, in its entirety, states:

Sec. 16. (1) A witness, either ordinary or expert, in a proceeding under this act shall receive from the agency the reasonable fees and compensation provided by law for similar services in ordinary

* Circuit judge, sitting on the Court of Appeals by assignment.

civil actions in circuit court, including the reasonable expenses for preparation and trial.

(2) If the property owner, by motion to review necessity or otherwise, successfully challenges the agency's right to acquire the property, or the legal sufficiency of the proceedings, and the court finds the proposed acquisition improper, the court shall order the agency to reimburse the owner for actual reasonable attorney fees and other expenses incurred in defending against the improper acquisition.

(3) If the amount finally determined to be just compensation for the property acquired exceeds the amount of the written offer as defined in section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of ⅓ of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney's fees shall be determined by the court.

(4) Expert witness fees provided for in subsection (1) shall be allowed with respect to an expert whose services were reasonably necessary to allow the owner to prepare for trial. The agency's liability for expert witness fees shall not be diminished or affected by the failure of the owner to call an expert as a witness if the failure is caused by settlement or other disposition of the case or issue with which the expert is concerned. [MCL 213.66; MSA 8.265(16).]

Defendants contend that the statute makes the award of expert witness fees mandatory, whether or not the landowners' challenge is successful. We agree.

When statutory language is clear and unambiguous, judicial interpretation of the statute is precluded. We will assume that the Legislature must have intended the meaning it plainly expressed and the statute must be enforced as written. *Smith*

*v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988). Further, the word "shall" is generally used to designate a mandatory provision, while the word "may" designates a provision that grants discretion. *Action Auto, Inc v Anderson,* 165 Mich App 620, 628; 419 NW2d 36 (1988).

Here, the language of MCL 213.66(1); MSA 8.265(16)(1) is clear and unambiguous. "A witness, either ordinary or expert, in a proceeding under this act shall receive from the agency . . . reasonable fees and compensation . . . ." Although subsection (2) limits the landowners's recovery of attorney fees and expenses to cases where the challenge is successful, no such limitation is found in the language regarding expert witness fees in subsections (1) and (4). Nor are expert witness fees listed as one of the conditional costs in subsection (2).

Accordingly, we reverse the trial court's order denying defendants' petition for expert witness fees and remand for a determination as to the reasonableness of the claimed fees. In this regard, see *Detroit v Lufran Co,* 159 Mich App 62; 406 NW2d 235 (1987), lv den 428 Mich 920 (1987).

Reversed and remanded for further proceedings.