HARTLAND TOWNSHIP v KUCYKOWICZ

Docket Nos. 111306, 114113. Submitted October 2, 1990, at Lansing. Decided June 3, 1991, at 9:25 A.M. Leave to appeal sought.

Hartland Township brought an action in the Livingston Circuit Court against Israel Kucykowicz and others, seeking to acquire an undeveloped tract on which to build a sewage treatment plant pursuant to the Uniform Condemnation Procedures Act, MCL 213.51 et seq.; MSA 8.265(1) et seq. Defendant Kucykowicz offered to stipulate to the entry of judgment awarding him $385,690.95 as compensation for his property. The plaintiff rejected the offer by submitting a counteroffer of $150,000. The defendant failed to respond to the counteroffer, thereby rejecting it. Following a bench trial, the court, Stanley J. Latreille, J., entered a judgment awarding the defendant $156,572 as compensation for his property, $10,193.72 for attorney fees, and $14,494 for costs. In making its award, the court reduced the defendant's claim of $10,450 in expert witness fees to $7,500. The court also rejected the plaintiff's request under MCR 2.405(D) for actual costs and attorney fees for the defendant's refusal of its counteroffer to stipulate to the entry of a judgment. The defendant appealed, in part challenging the trial court's award of expert witness fees, and the plaintiff cross appealed, challenging the trial court's refusal to award actual costs and attorney fees.

The Court of Appeals held:

Remand is required for an award to the defendant of a reasonable expert witness fee pursuant to MCL 213.66; MSA 8.265(16) and for an award to the plaintiff of costs and attorney fees pursuant to MCR 2.405(D)(1). The other claims raised by the defendant are without merit.

1. The trial court, as part of its broad power under MRE 611 to control the manner in which a trial is conducted, did not

REFERENCES

Am Jur 2d, Eminent Domain §§ 474, 477

Eminent domain: condemnor's liability for costs of condemnee's expert witnesses. 68 ALR3d 546.

Liability for costs in trial tribunal in eminent domain proceedings as affected by offer or tender by condemnor. 70 ALR2d 804.

abuse its discretion in limiting the time for the examination of witnesses.

2. In determining the value of the defendant's property, the trial court did not err in failing to consider the property as if it were rezoned for multiple/residential use. The possibility of such a rezoning was far too remote and speculative to have been a proper consideration for valuation.

3. The trial court's valuation was within the range of values established by the testimony at trial.

4. MCL 213.66; MSA 8.265(16) provides that expert witness fees are to be allowed with respect to an expert whose services were reasonably necessary to allow the condemnee to prepare for trial. The trial court in this case, in reviewing the defendant's expert's bill for services rendered, did not specify which of the charges it found to be unreasonable, thereby requiring remand for a determination of the amount of reasonable expert witness fees to which the defendant is entitled.

5. The trial court, in rejecting the defendant's claim for fees paid to his original appraisers, did not abuse its discretion in determining that those appraisers' services were not reasonably necessary to allow the defendant to prepare for trial.

6. The trial court erred in rejecting the plaintiff's claim for costs and attorney fees under MCR 2.405(D)(1), which provides that an offeree of a stipulation to an entry of a judgment must pay to the offeror the offeror's actual costs incurred in the action where, as in this case, the adjusted verdict is more favorable to the offeror than the average offer.

Affirmed in part, reversed in part, and remanded.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — EXPERT WITNESS FEES.

Expert witness fees for court time and time required to prepare for testimony as an expert are recoverable under the Uniform Condemnation Procedures Act by a condemnee where the services of the expert were reasonably necessary to allow the condemnee to prepare for trial (MCL 213.66; MSA 8.265[16]).

2. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — OFFERS TO STIPULATE TO ENTRY OF JUDGMENT.

The court rule that provides an award of costs following the rejection of an offer to stipulate to the entry of a judgment applies to actions brought under the Uniform Condemnation Procedures Act (MCR 2.405[D]; MCL 213.51 *et seq.*; MSA 8.265[1] *et seq.*).

*Paul L. Decocq,* for the plaintiff.

*Richard C. Eriksen,* for the defendant.

Before: WAHLS, P.J., and DOCTOROFF and G. S. ALLEN,* JJ.

DOCTOROFF, J. In this condemnation action, defendant Israel Kucykowicz appeals as of right from the June 23, 1988, entry of a judgment in the Livingston Circuit Court awarding Kucykowicz $156,572, exclusive of attorney fees and costs, as just compensation for a parcel of real property taken by plaintiff township to serve as a site on which to build a sewage treatment plant. Defendant raises several issues, one of which has merit. We agree with defendant's assertion that the trial court erred when it ordered the township to pay only $7,500 of a $10,450 expert witness fee.

Plaintiff township cross appeals as of right from a December 6, 1988, order denying the township's request for an award of attorney fees and costs made pursuant to MCR 2.405, and granting Kucykowicz attorney fees in the amount of $10,193.72 and costs in the amount of $14,494. We agree with plaintiff's assertion that the trial court erred in denying its motion for costs and attorney fees, and we remand for a hearing to determine an appropriate award of attorney fees and costs to plaintiff and to determine the amount of compensable costs incurred by defendant's expert witness.

In the fall of 1978, Kucykowicz purchased, on land contract, a 38.9-acre parcel of undeveloped real property located just northeast of the intersection of US 23 and M-59 in Hartland Township from the Rodds for $100,000. Defendants Rodd were dismissed from this action before trial and are not involved in the instant appeal. The parcel

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

is several hundred feet from any public roadway. Two private sixty-six-foot-wide easements provide access to the property from Hartland and Clark Roads. At the time of purchase, as well as at the time of condemnation, there were no utilities running to the property. The parcel was zoned conservation/agricultural. Kucykowicz testified that he bought the parcel with the intention of building apartments or condominiums on the property. However, he never filed a formal application for rezoning, and he had attempted to sell the parcel, first listing it with a realtor in 1980.

In September 1983, the township expressed its interest in purchasing the parcel. In October 1983, the township offered $132,000 for the parcel. At that time, the township had not had the parcel formally appraised. Kucykowicz, who was asking $300,000 to $500,000 for the property, rejected the township's offer. In August 1984, an appraiser hired by the township valued the parcel at $132,000. On March 3, 1986, the township submitted a formal offer to purchase the parcel for $132,000. Kucykowicz rejected the offer, and the township began condemnation proceedings. On March 26, 1986, the township's appraiser revalued the parcel's worth at $136,000.

A seven-day necessity hearing was held in June and July 1986. On July 9, 1986, the trial court entered an order finding that plaintiff had established the necessity of the taking to establish a sewage treatment plant.

The issue of compensation was tried during an eight-day period in May 1988. The township asked the trial court to value the parcel at $136,000. Kucykowicz sought a valuation of $583,000. By written opinion filed on June 7, 1988, the trial court rejected both parties' valuations and valued

the parcel at $156,572. A judgment consistent with the opinion was entered on June 23, 1988.

On August 24, 1988, plaintiff filed a motion for attorney fees and costs pursuant to MCR 2.403 and 2.405. On September 6, 1988, defendant filed a motion for attorney fees, witness fees, expenses, and interest on the judgment pursuant to MCL 213.65; MSA 8.265(15) and MCL 213.66; MSA 8.265(16). The trial court denied plaintiff's motion and granted, in part, defendant's motion.

Defendant's first claim on appeal is that the trial court erred in imposing a time limit on direct examination and cross-examination of witnesses. MRE 611 grants a trial court broad power to control the manner in which a trial is conducted, including the examination of witnesses. *People v Mixon,* 170 Mich App 508, 514-515; 429 NW2d 197 (1988), rev'd in part on other grounds 433 Mich 852 (1989). MRE 611(a) states:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

The mode and order of admitting proofs and interrogating witnesses rests within the discretion of the trial court. *Moody v Pulte Homes, Inc,* 423 Mich 150, 162; 378 NW2d 319 (1985).

The first witness, plaintiff's expert appraiser, took the stand at the beginning of the second day of trial. The trial court estimated that direct examination took one hour and ten minutes. Defense counsel cross-examined the witness for the remainder of the second day, for approximately two hours on the third day of trial, and for an hour and a

half on the fourth day of trial. During this lengthy cross-examination, the trial court repeatedly expressed its concern about the pace of cross-examination, about counsel's exploration of irrelevant issues and tendency to pose the same questions over and over.

At the beginning of the fifth day of trial, the trial court limited examination of witnesses to one hour for direct examination and one hour for cross-examination. The trial court later amended its ruling to permit defendant one and one-half hours for direct examination of his expert appraiser because plaintiff's direct examination of its expert appraiser had lasted one hour and ten minutes.

The record shows that the trial court properly exercised its discretion in limiting the time for examination of witnesses.

Defendant's second claim on appeal is that the trial court should have valued the property as if it were zoned multiple/residential.

If a reasonable possibility exists, absent the threat of condemnation, that the zoning classification of the condemned property would have been changed, then the trial court should consider this possible rezoning in arriving at the value of the property on the date of taking. *State Highway Comm'r v Eilender,* 362 Mich 697, 699; 108 NW2d 755 (1961). The landowner has the burden of proving that there was a reasonable possibility of rezoning. SJI2d 90.10.

Defendant presented testimony that the highest and best use of the parcel was for multiple/residential use and that such use would require that a sewage treatment facility be built on the site to serve any apartments or condominiums built thereon. Defendant's expert testified that the par-

cel could support a privately owned on-site sewage treatment system to serve apartments or condominiums that would be built on the parcel. The expert also testified that, before such a system could be built, the landowner would have to secure a permit from the Department of Natural Resources. To secure the necessary permit, the landowner would have to obtain the township's agreement that it would take over and operate the system should the private owner fail.

Defendant asserts that the testimony of his experts established (1) that there was a reasonable possibility that the parcel could have been rezoned as multiple/residential; (2) that an independent, privately owned, on-site sewage treatment facility could have been built on the parcel; and (3) that such a facility could have adequately served the number of apartments or condominiums he envisioned building on the parcel. Defendant argues that the trial court improperly "imposed a new burden" on defendant to establish that the township would cooperate with a prospective buyer in the development and maintenance of a private, independent on-site sewage treatment system to serve any apartments or condominiums that would be built on the parcel and concluded that defendant had not met this new burden.

Defendant's argument is without merit. The trial court did not "impose a new burden" on defendant. Rather, the trial court found that defendant had not shown that his envisioned use of the land was reasonably possible. The trial court did not err. The record establishes that defendant never sought rezoning of the parcel and did not seek the township's agreement that it would maintain and operate an on-site sewage treatment facility if he or a future landowner failed to do so. The possibility of a zoning change was far too remote

and speculative to be a proper consideration for valuing the parcel.

In a related issue, defendant claims that the trial court's valuation of the condemned parcel must be set aside because it falls outside the range of values testified to at trial.

An award of just compensation that falls within the range of testimony ought not to be disturbed. *In re Condemnation of Lands in the City of Battle Creek for Park Purposes,* 341 Mich 412, 421; 67 NW2d 49 (1954). In the instant case, the plaintiff's appraiser testified that the market value of the parcel at the time of the taking was $136,000. Defendant's appraiser testified that the parcel was worth $583,000. The value placed on the parcel by the trial court, $156,572, clearly falls within the range of testimony. Defendant's claim that the low end of the range of value was $240,000 is without merit. The record does not support defendant's claim that the township determined that $240,000 was the value of the property. The trial court's award of $156,572 is affirmed.

Defendant next claims that the trial court erred when it ordered the township to pay only $7,500 of a $10,450 expert witness fee.

MCL 213.66; MSA 8.265(16) provides for payment of expert witness fees in condemnation actions. In relevant part, the statute states:

(1) A witness, either ordinary or expert, in a proceeding under this act shall receive from the agency the reasonable fees and compensation provided by law for similar services in ordinary civil actions in circuit court, including the reasonable expenses for preparation and trial.

\* \* \*

(4) Expert witness fees provided for in subsection (1) shall be allowed with respect to an expert

whose services were reasonably necessary to allow the owner to prepare for trial. The agency's liability for expert witness fees shall not be diminished or affected by the failure of the owner to call an expert as a witness if the failure is caused by settlement or other disposition of the case or issue with which the expert is concerned.

An award of reasonable expert witness fees, as determined by the trial court, is mandatory under the statute. *Macomb Co Rd Comm v Fisher,* 170 Mich App 697, 699-700; 428 NW2d 744 (1988). Experts are properly compensated for court time and the time required to prepare for their testimony. *Detroit v Lufran Co,* 159 Mich App 62, 67; 406 NW2d 235 (1987). However, an expert is not automatically entitled to compensation for all services rendered. As stated by the Court in *Lufran:*

> [W]e do not regard conferences with counsel for purposes such as educating counsel about expert appraisals, strategy sessions, and critical assessment of the opposing party's position to be properly compensable as expert witness fees. [*Id.*]

In the instant case, defendant's expert witness submitted an itemized bill for services rendered. The total fee was $10,450. In ruling on defendant's motion for expert witness fees, the trial court found that $10,000 was excessive. The trial court did not specify which of the services rendered and listed on the invoice were compensable and which were not compensable. Nor did the trial court explain how it determined that $7,500 was a reasonable fee. Accordingly, we reverse the award of $7,500 in expert witness fees and remand for a hearing to determine the amount of reasonable expert witness fees in a manner consistent with *Lufran.*

Defendant's last claim is that the trial court erred when it refused to order plaintiff to reimburse him for the costs incurred by his first appraisers before those appraisers were fired.

MCL 213.66; MSA 8.265(16) provides that expert witness fees "shall be allowed with respect to an expert whose services were reasonably necessary to allow the owner to prepare for trial." The trial court found that the services of the fired appraisers were not reasonably necessary to allow defendant to prepare for trial and refused to order the township to pay the fees of the fired appraisers. Having reviewed the record and briefs, we conclude that the trial court did not abuse its discretion. In addition, defendant's claim that the trial court was required to determine the reasonableness of the fired appraisers' fees is without merit. Because the fees were not ordered under MCL 213.66; MSA 8.265(16), the trial court was not required to determine their reasonableness.

On cross appeal, plaintiff argues that the trial court erred in not awarding it costs and attorney fees pursuant to MCR 2.405(D)(1). We agree.

The Uniform Condemnation Procedures Act, MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.*, does not provide for an award of attorney fees to the governmental unit taking property by condemnation. The question before this Court is whether a governmental unit may be awarded costs and attorney fees pursuant to MCR 2.405 if the landowner rejects the governmental unit's offer of judgment.

MCR 2.405 governs offers to stipulate to entry of judgment. MCR 2.405(D) provides in relevant part:

If an offer is rejected, costs are payable as follows:
(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must

pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

(2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs.

(3) The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

MCR 2.405 applies in condemnation cases, as well as in other civil cases. *Dep't of Transportation v Dyl*, 177 Mich App 33, 39; 441 NW2d 18 (1989). The purpose of MCR 2.405 is to encourage settlements and to avoid protracted litigation. *Id.*, p 36.

The parties agree that defendant submitted an offer of judgment to plaintiff in the amount of $385,690.95. Both also agree that plaintiff rejected the offer by submitting a counteroffer of $150,000. Defendant did not respond to the counteroffer, thereby rejecting it. MCR 2.405(C)(2)(b). The trial court awarded defendant $182,242.23. This amount includes the value of the property, costs, attorney fees, and interest. The average offer in the instant case was $267,845.48 ($385,690.95 plus $150,000 divided by 2). MCR 2.405(A)(3). An adjusted verdict is a verdict plus interest and costs from the filing of the complaint through the date of the offer. MCR 2.405(A)(5). The adjusted verdict in the instant case is somewhat less than the $182,242.23 judgment because the judgment contains an award of interest calculated from the date of the filing of the complaint to the date of the judgment and not from the filing of the complaint through the date of the offer. Clearly, the adjusted verdict is more favorable to plaintiff than the average offer.

The trial court denied plaintiff's request for costs and attorney fees, reasoning:

I finally deny, as to the motion for attorneys fees to Mr. Decocq and the township. I think there was a lot of wasted time in this case, I probably should grant some fees to the township. I think they are the offended party here, because of the nature and the protracted litigation that went on here. But, in fact, out of concern for Mr. Kucykowicz, who probably after he pays his attorneys and experts, isn't going to get very much out of this. This Court will deny your petition.

Having thoroughly reviewed the record in this case, we conclude that the trial court abused its discretion when it denied plaintiff's motion for costs and attorney fees. Defense counsel's conduct resulted in much needless delay. In addition, the amount of the judgment entered in the trial court demonstrates the patent unreasonableness of defendant's offer of judgment. As noted above, the purpose of MCR 2.405 is to encourage settlement and avoid protracted litigation. Failure to award costs and attorney fees to plaintiff on the facts of this case certainly defeats the purpose of the court rule. Hence, this matter is remanded for determination of an appropriate award of costs and attorney fees to plaintiff.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.