DEPARTMENT OF TRANSPORTATION v SCHULTZ

Docket No. 139261. Submitted April 13, 1993, at Grand Rapids. Decided September 21, 1993, at 9:05 A.M.

The Department of Transportation brought an action in the Eaton Circuit Court against Everett L. Schultz, Jr., and Lorna F. Schultz, seeking to acquire through eminent domain property belonging to the defendants. The parties stipulated the entry of a judgment regarding just compensation, interest on the judgment, and attorney fees. The defendants brought a motion seeking reimbursement for their expert witness' fee and interest on the fee. The court, Richard M. Shuster, J., granted the motion and ordered the plaintiff to pay the fee and interest thereon. The plaintiff appealed.

The Court of Appeals *held:*

1. Section 16 of the Uniform Condemnation Procedures Act, MCL 213.66; MSA 8.265(16), mandates an award of reasonably necessary expert witness fees for an owner's appraiser. The fact that the corporation whose licensed employee performed the appraisal for the defendants allegedly was not itself licensed as a real estate broker does not prevent the award of the expert witness fee in this case.

2. The circuit court did not abuse its discretion in determining that the appraisal fee was reasonably necessary.

3. The court erred in finding that MCL 213.65; MSA 8.265(15) provides for an award of interest on the appraisal fee. Because there is no specific statutory authorization for such interest, the portion of the order awarding interest on the expert witness fee must be reversed.

Affirmed in part and reversed in part.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — EXPERT WITNESS FEES — LICENSURE OF APPRAISERS.

The Uniform Condemnation Procedures Act mandates an award of reasonable expert witness fees in an eminent domain action;

REFERENCES

Am Jur 2d, Eminent Domain §§ 473, 477.

Eminent domain: condemnor's liability for costs of condemnee's expert witnesses. 68 ALR3d 546.

the requirement to pay a reasonable expert witness fee as applied to an owner's real estate appraiser is not contingent upon the appraiser's being licensed as a real estate broker (MCL 213.66; MSA 8.265[16]).

2. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — EXPERT WITNESS FEES.

Expert witness fees for court time and time required to prepare for testimony as an expert are recoverable under the Uniform Condemnation Procedures Act by a condemnee where the services of the expert are reasonably necessary to allow the condemnee to prepare for trial; however, an expert is not automatically entitled to compensation for all services rendered and may not be compensated for services that go beyond the scope of the type of services that normally would be rendered by a person in that profession.

3. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — INTEREST ON JUDGMENTS — INTEREST ON COSTS.

The Uniform Condemnation Procedures Act provides that interest is to be awarded on a judgment amount, but does not provide for an award of interest with regard to the reimbursement of costs (MCL 213.65; MSA 8.265[15]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Patrick F. Isom* and *Ronald F. Rose*, Assistant Attorneys General, and *Thomas J. O'Toole*, Special Assistant Attorney General, for the plaintiff.

*Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman* and *Kenneth C. Harrison*), for the defendants.

Before: NEFF, P.J., and MCDONALD and MURPHY, JJ.

PER CURIAM. Plaintiff appeals from an order of the Eaton Circuit Court granting defendants' motion for reimbursement for their expert witness' fee and interest on the fee. We affirm in part and reverse in part.

The facts of this case are not in dispute. Plaintiff brought this eminent domain action to acquire from defendants 153.7 acres of vacant land in Eaton County for the further construction of highway I-69. Defendants did not contest the necessity of the taking, but did contest the $247,168 offer of just compensation. The parties ultimately stipulated the entry of a judgment ordering plaintiff to pay defendants $329,625 as just compensation. The parties then resolved issues regarding attorney fees and interest on the judgment of just compensation by further stipulation, but the issues regarding the expert witness fee for defendants' appraiser and interest on that fee was left unresolved.

Defendants moved for reimbursement of costs, including $15,256.25 as the expert witness fee for defendants' appraiser. Plaintiff responded that it was obligated to reimburse defendants only for a reasonable appraisal fee and that the fee charged by defendants' appraiser, Walsh & Associates, Inc. (Walsh), was unreasonable. Plaintiff further argued that it was not obligated to pay any portion of the appraisal fee because Walsh was not a licensed real estate broker. After hearing testimony and argument, the circuit court ordered plaintiff to pay defendants the appraisal fee of $15,256.25, as well as interest on the fee.

Plaintiff first contends that it is not required to reimburse defendants for their payment of the appraisal fee because Walsh & Associates, Inc., is an unlicensed real estate broker. We note that there is apparently no dispute that Walsh's employee who performed the appraisal was duly licensed; plaintiff only argues that the corporation was not licensed. Expert witness fees in an eminent domain action are governed by § 16 of the Uniform Condemnation Procedures Act, MCL

213.66; MSA 8.265(16). That section provides, in pertinent part:

> (1) A witness, either ordinary or expert, in a proceeding under this act shall receive from the agency the reasonable fees and compensation provided by law for similar services in ordinary civil actions in circuit court, including the reasonable expenses for preparation and trial.
>
> *     *     *
>
> (4) Expert witness fees provided for in subsection (1) shall be allowed with respect to an expert whose services were reasonably necessary to allow the owner to prepare for trial. The agency's liability for expert witness fees shall not be diminished or affected by the failure of the owner to call an expert as a witness if the failure is caused by settlement or other disposition of the case or issue with which the expert is concerned.

This Court has interpreted this section as mandating an award of reasonable expert witness fees. *Hartland Twp v Kucykowicz,* 189 Mich App 591, 599; 474 NW2d 306 (1991); *Macomb Co Rd Comm v Fisher,* 170 Mich App 697, 699-700; 428 NW2d 744 (1988). Section 16 does not state that the requirement to pay reasonable fees is contingent upon the real estate appraiser's being licensed as a real estate broker. Where the language of a statute is clear, courts may not speculate regarding its construction. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992). This Court must assume that the Legislature intended the meaning plainly expressed, and a statute must be enforced as written. *Macomb, supra,* 699. The mandatory payment of fees under § 16 is not qualified by the requirement that the appraiser be a licensed real estate broker, and we will not read this requirement into the statute.

Plaintiff next contends that the appraisal fee charged by Walsh is unreasonable and unsupported by the evidence. We review for an abuse of discretion the circuit court's determination regarding whether the expert witness fee was reasonably necessary. See *Hartland, supra,* 600. Experts properly are compensated for court time and the time required to prepare for their testimony. *Id.,* 599; *Detroit v Lufran Co,* 159 Mich App 62, 67; 406 NW2d 235 (1987). An expert is not automatically entitled to compensation for all services rendered, however. *Hartland, supra,* 599. Any appraisal service that goes beyond the scope of the type of services that would normally be rendered by a person in that profession are not compensable. *Lufran, supra.* In this case, evidence was presented to demonstrate that the appraisal fee was reasonable, and there was no showing that the appraisal service went beyond the scope of the normal services rendered by an appraiser. We therefore hold that the circuit court did not abuse its discretion in determining that the appraisal fee was reasonably necessary.

Plaintiff further contends that it is not obligated to pay interest on the expert witness fee. In awarding interest on the appraisal fee, the circuit court relied upon § 15 of the act, MCL 213.65; MSA 8.265(15), which provides:

> The court shall award interest on the judgment amount from the date of the filing of the complaint to the date of payment of the amount, or any part of the amount. Interest shall be computed at the interest rate applicable to a federal income tax deficiency or penalty. However, an owner remaining in possession after the date of filing shall be considered to have waived the interest for the period of the possession. If it is determined that a de facto acquisition occurred at a

date earlier than the date of filing, interest awarded pursuant to this section shall be calculated from the earlier date.

Entitlement to interest on a judgment is purely statutory and must be specifically authorized by statute. *Dep't of Transportation v Joslyn Land Co,* 175 Mich App 551, 553; 438 NW2d 260 (1988). Statutes providing for interest on judgments are in derogation of the common law and therefore must be strictly construed. *Flint v Patel,* 198 Mich App 153, 161; 497 NW2d 542 (1993); *Joslyn Land Co, supra.* Section 15 provides that interest is to be awarded on the judgment amount, but does not specifically provide for interest to be awarded on the reimbursement of costs. We must therefore conclude that defendants were not entitled to interest on the appraisal fee. See *Patel, supra.*

The portion of the order of the circuit court regarding interest on the expert witness fee is reversed. The order is otherwise affirmed.

Affirmed in part and reversed in part.