*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

ERIC BRADLEY and JACQUELINE CHUANG,

       Plaintiffs-Appellees,

v

LINDA FRYE-CHAIKEN,

       Defendant,

and

BARRY POWERS,

       Appellant.

UNPUBLISHED
July 14, 2022

No. 356193
Washtenaw Circuit Court
LC No. 18-001059-CH

---

ERIC BRADLEY and JACQUELINE CHUANG,

       Plaintiffs-Appellees,

v

LINDA FRYE-CHAIKEN,

       Defendant-Appellant.

No. 356194
Washtenaw Circuit Court
LC No. 18-001059-CH

---

Before: SAWYER, P.J., and LETICA and PATEL, JJ.

PER CURIAM.

-1-

Defendant Linda Frye-Chaiken and her attorney, Barry Powers, appeal as of right[1] the trial court's judgment for $16,714.27 in attorney fees, costs, and statutory interest as sanctions for pursuing frivolous counter-claims and defenses. The underlying action involved claims for breach of contract and promissory estoppel regarding the sale of property in the Cayman Islands. The trial court ultimately granted summary disposition in favor of plaintiffs, Eric Bradley and Jacqueline Chuang. The trial court determined that Frye-Chaiken's counter-claims and defenses were frivolous. Following an evidentiary hearing, the trial court entered a judgment for sanctions against Frye-Chaiken, Powers, and Frye-Chaiken's three prior attorneys, jointly and severally.

We find that the trial court did not abuse its discretion by including Powers in the joint and several judgment for sanctions. The judgment also complied with MCR 2.602(B)(1). And the trial court did not err by including statutory interest in the attorney-fees award. We further find that the trial court did not abuse its discretion in admitting plaintiffs' exhibit 1 or limiting the scope of the cross-examination of plaintiffs' attorney at the evidentiary hearing to support the request for attorney fees. We affirm.

I. BACKGROUND

The pertinent facts of the underlying action were summarized by this Court in Frye-Chaiken's prior appeal:

The parties entered into a "Real Estate Sales Contract" (the Agreement) for the sale and purchase of a condominium (the property) "situated on Seven Mile Beach, Grand Cayman Island, British West Indies," commonly referred to as the "Strata Lot." The Agreement provided that plaintiffs would pay $625,000 toward the purchase of the property and that the sale and purchase would be completed on December 15, 2014. Plaintiffs were to provide $10,330 as a deposit upon execution of the Agreement and thereafter pay $19,670 as a further deposit "before or up to time" of closing. The Agreement further provided for monthly payments in the amount of $2,400 toward the remaining balance of $595,000, with a balloon payment after seven years. The remaining balance was secured by a promissory note. The parties agreed that the Agreement would be construed in accordance with the laws of the State of Michigan. The Agreement also required the drafting of a real estate purchase agreement that was legally recognized in accordance with the laws of the Cayman Islands (Cayman Islands contract).

Although the initial closing date was set for December 15, 2014, that date was crossed out and a new closing date of November 30, 2015, was written above it and initialed by the parties. Plaintiffs paid defendant $10,330 on May 27, 2014, $6,727.38 on May 28, 2014, and $5,943 on August 5, 2015. This left approximately $7,000 outstanding to defendant, which was acknowledged by both parties through signatures on the Agreement. On November 14, 2015, plaintiffs delivered a draft

---

[1] This Court consolidated these appeals "to advance the efficient administration of the appellate process." *Bradley v Frye-Chaiken*, unpublished order of the Court of Appeals, entered February 9, 2021 (Docket Nos. 356193 and 356194).

promissory note for $595,000 of the remaining balance, a draft charge for the same amount as additional security, and a draft agreement for the purchase and sale of the property in a form commonly used in the Cayman Islands (collectively, the closing documents). There was no objection from defendant's attorney about the closing documents, but defendant did not sign them or attend the closing. However, the parties then agreed to extend closing until April 1, 2016, as evidenced by numerous e-mail correspondences between plaintiff Eric Bradley and defendant's attorney. Yet, defendant did not sign the new agreement that was drafted to reflect the agreed upon change in closing.

On February 23, 2016, after not receiving defendant's signature on the new contract, plaintiffs sent a notice of default requesting that defendant proceed to closing. Thereafter, on April 15, 2016, defendant responded by alleging that plaintiffs defaulted for failure to make installment payments that were due on December 15, 2014, which was the initial closing date, and plaintiffs' default allowed her to declare the contract forfeited and canceled. On July 22, 2016, plaintiffs filed a cause of action in the Cayman Islands for breach of contract and promissory estoppel. Defendant asserted that jurisdiction would have been inappropriate in the Cayman Islands because the dispute concerned the execution of a contract in the State of Michigan. The Cayman Islands court agreed and stayed the proceedings in the Cayman Islands and concluded that defendant "established that Michigan is clearly the more appropriate forum for the resolution of the instant dispute."

Consequently, plaintiffs filed a complaint in Washtenaw County for breach of contract, requesting specific performance and promissory estoppel. Plaintiffs then filed their motion for summary disposition and requested specific performance. Ultimately, the trial court granted plaintiffs' motion for summary disposition. [*Bradley v Frye-Chaiken*, unpublished per curiam opinion of the Court of Appeals, issued January 28, 2021 (Docket No. 350387), pp 1-2 (footnote omitted).]

After the trial court granted summary disposition in favor of Bradley and Chuang,[2] they moved for sanctions under MCR 1.109(E)(7). The trial court determined that Frye-Chaiken's counter-claims and defenses were frivolous. As a result, it held that Bradley and Chuang were entitled to reasonable attorney fees for having to respond to the frivolous claims and defenses. An evidentiary hearing was scheduled to determine the reasonableness of the attorney fees and costs

---

[2] This Court affirmed the trial court's grant of summary disposition. *Bradley*, unpub op at 5. Defendant sought leave to appeal this Court's decision to our Supreme Court, which denied her application. *Bradley v Frye-Chaiken*, 507 Mich 956 (2021).

pursuant to *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008). Thereafter, Frye-Chaiken retained Powers.[3]

Ultimately, the trial court awarded Bradley and Chuang $16,430.00 in attorney fees as sanctions pursuant to MCR 1.109(E), MCR 2.625, and MCL 600.2591. A judgment was entered against Frye-Chaiken and all four of her attorneys (both past and present), jointly and severally, directing the payment of $16,430 in attorney fees, $175 in filing fees, $80 in motion fees, and $29.27 in service fees, for a total judgment amount of $16,714.27.

Frye-Chaiken and Powers moved to vacate the trial court's opinion and order and the judgment. The court, considering the motions as a combined motion for reconsideration, denied the motion. This appeal followed.

## II. STANDARD OF REVIEW

We review "a trial court's ruling on a motion for costs and attorney fees for an abuse of discretion." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). "[A] trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo." *Nahshal v Freemont Ins Co*, 324 Mich App 696, 710; 922 NW2d 662 (2018) (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith*, 481 Mich at 526.

"The interpretation and application of statutes, rules, and legal doctrines is reviewed de novo." *Micheli v Mich Auto Ins Placement Facility*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356559); slip op at 3.

## III. ANALYSIS

## A. SANCTIONS AGAINST POWERS

Powers asserts that the trial court erred by imposing the attorney-fees award against him.[4] We disagree.

---

[3] Attorneys Peter Winder and William Amadeo represented Frye-Chaiken from the beginning of the case until September 2019. After summary disposition was granted, Frye-Chaiken retained attorney Matthew Kerry. Kerry filed a claim of appeal from the order granting summary disposition and represented Frye-Chaiken at the hearing on the motion for sanctions.

[4] Neither Powers nor Frye-Chaiken argue that the trial court erred by finding that the counterclaims and defenses were frivolous. According, we accept the trial court's frivolous finding as proper.

MCR 1.109(E)(2)[5] requires every court filing to be signed by the party's attorney or the party if he or she is self-represented. In addition, MCR 1.109(E)(5) provides that a person's signature on a court filing constitutes a certification by the signer that:

> (a) he or she has read the document;

> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a person submits a filing that violates MCR 1.109(E)(5), the court must impose sanctions on the signer and the represented party:

> If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, *shall* impose *upon the person who signed it, a represented party, or both*, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages. [MCR 1.109(E)(6).]

In addition to sanctions provided under MCR 1.109(E)(6), a party that pleads a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). MCR 1.109(E)(7).

If a court determines that an action or defense was frivolous, MCL 600.2591(1) also dictates that the court must award costs and attorney fees to the prevailing party and assess the award against the nonprevailing party and that party's attorney:

> Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action *shall* award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against *the nonprevailing party and their attorney*. [MCL 600.2951(1) (emphasis added).]

Sanctions are not just authorized, they are mandated. *Meisner Law Grp PC v Weston Downs Condo Assoc*, 321 Mich App 702, 731; 909 NW2d 890 (2017). "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent

---

[5] MCR 1.109 was amended, effective April 1, 2022. 507 Mich lxxxvi-lxxxviii, xci (2021). However, those amendments did not alter the provisions of the rule that are pertinent to this appeal.

and the statute must be applied as written." *Honigman Miller Schwartz & Cohn LLP v City of Detroit,* 505 Mich 284, 294; 952 NW2d 358 (2020) (quotation marks and citations omitted). In this case, there is no ambiguity about the statutory language. "The Legislature's use of the word 'shall' generally indicates a mandatory directive, not a discretionary act." *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013).

Powers was not required to be joined as a party to the action to be subject to sanctions, nor was he insulated from sanctions simply by his late involvement. He appeared on behalf of Frye-Chaiken, signed trial court filings, and appeared in court on behalf of Frye-Chaiken. Michigan law supports the imposition of joint and several liability for attorney fees and costs. *John J Fannon Co v Fannon Prods, LLC*, 269 Mich App 162, 172; 712 NW2d 731 (2005) (holding that the trial court did not abuse its discretion by imposing joint and several liability on the plaintiff and all of its attorneys, including the successor attorney and his firm, for pursuing a frivolous action); *In re Attorney Fees and Costs*, 233 Mich App 694, 705-707; 593 NW2d 589 (1999) (holding that the trial court did not abuse its discretion by holding the plaintiffs, their attorney and his law firm jointly and severally liable to defendants for costs and attorney fees for pursuing a frivolous action). Further, this Court has indicated that it is unnecessary to establish a causal connection in imposing sanctions under MCL 600.2591. *In re Costs and Attorney Fees*, 250 Mich App 89, 104; 645 NW2d 697 (2002).

Powers maintains that he had no notice that he could be held liable for sanctions. But the lower court record reflects that the trial court expressly warned Powers that his representation of Frye-Chaiken would subject him to liability for sanctions. And Bradley and Chuang specifically asked for $16,430 in attorney fees to be imposed against Frye-Chaiken "and her attorneys in accordance with MCR 1.109(E), MCR 2.625, and MCL 600.2591."

We also reject Powers' claim that he was given insufficient opportunity to be heard with regard to the imposition of sanctions. The trial court held an evidentiary hearing for the purpose of the parties submitting evidence, allowed the parties to submit their closing arguments in writing, and considered (but ultimately denied) Powers' post-judgment motions. Although Powers ultimately disagrees with the trial court's decision in this case, he has not established that the court violated his right to due process. See *Klco v Dynamic Training Corp*, 192 Mich App 39, 43; 480 NW2d 596 (1991) (concluding that the party and his attorney "were given a sufficient opportunity to be heard when the court held the hearing on the motion to impose sanctions").

Powers also summarily contends that the trial court's award constituted impermissible punitive damages, but he does not explain how the imposed fees amounted to punitive damages. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). The trial court did not mention punitive damages in its opinion and order, or in the judgment. See *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009) (stating that "a court speaking through its written orders and judgments"). And the amount imposed directly corresponds to the billing information submitted on behalf of Bradley and Chuang. Thus, we reject Powers' argument on this issue.

We also reject Powers' assertion that he did not personally engage in any frivolous conduct. The trial court expressed its belief that Powers' requests for adjournments were "ridiculous" and "another dilatory delay tactic." Powers also attempted to relitigate issues previously adjudicated. In fact, the trial court concluded the evidentiary hearing because Powers failed to follow the court's directions.

We conclude that the trial court's decision to include Powers on the judgment for sanctions, jointly and severally with Frye-Chaiken and her prior attorneys, did not fall outside the range of reasonable and principled outcomes.

## B. JUDGMENT

Next, Powers asserts that the trial court erred by entering the judgment in violation of MCR 2.602(B). We disagree.

Under MCR 2.602(B), the court "may sign the judgment or order at the time it grants the relief provided by the judgment or order." The trial court issued its written order and opinion concerning attorney fees on November 16, 2020. The order directed Bradley and Chuang to submit a judgment consistent with the order. Bradley and Chuang maintain they submitted a proposed judgment the same day. The trial court signed the judgment the following day. Because the judgment was issued within one day of the opinion and order, we do not find that the trial court failed to comply with MCR 2.602(B)(1).

Regardless, any error in failing to comply with the exact timing requirements of MCR 2.602(B)(1) was harmless and did not result in substantial injustice. See MCR 2.613(A). Powers has failed to show that the judgment did not comply with the court's opinion and order or that he was otherwise prejudiced by any procedural error that resulted from the judgment's entry.

## C. INTEREST

Powers contends that the trial court erred by including statutory interest in the attorney-fees award. We disagree.

Powers never raised any claim related to the statutory interest included in the award of attorney fees. As a result, this issue is unpreserved and will be reviewed for plain error affecting substantial rights. See *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014).[6]

MCL 600.6013(8) plainly states that interest on a money judgment in a civil case is calculated from the date that the complaint is filed. And MCL 600.6013(8) specifically includes attorney fees and other costs. See *Ayar v Foodland Dist*, 472 Mich 713, 717-718; 698 NW2d 875

---

[6] Plain error requires that: "1) [an] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

(2005). Accordingly, Powers has failed to establish any error, let alone plain error affecting his substantial rights. See *Hogg*, 307 Mich App at 406.

## D. EVIDENTIARY ISSUES

Frye-Chaiken and Powers argue that the trial court erred in admitting a "summary" of the attorney fees claimed by Bradley and Chuang and by limiting his cross-examination of Bradley and Chuang's attorney at the evidentiary hearing. We disagree.

Frye-Chaiken and Powers maintain that Bradley and Chuang failed to present detailed billing records to support their claim for attorney fees, as required by *Smith*, 481 Mich at 532. We disagree. Bradley and Chuang filed plaintiffs' "Exhibit 1" before the evidentiary hearing and it was admitted into evidence during the hearing. The exhibit presented the amount of attorney fees requested by Bradley and Chuang in a table format. The table's columns described the date on which the work was performed, which attorney performed the work, a brief description of the work, how many hours the attorney spent on the task, and the hourly rate for each attorney. Andrew Fink testified that he downloaded the information in the table from the firm's billing software and reformatted it so that it was easier to read. He provided testimony, based on personal knowledge, confirming the accuracy of the entries in the table. He also testified that the billing summary was produced in the regular course of business. Frye-Chaiken and Powers were afforded an opportunity to challenge the reasonableness of the hours and rates itemized in plaintiffs' exhibit 1 at the evidentiary hearing.

Frye-Chaiken and Powers argue that plaintiffs' exhibit 1 was inadmissible under MRE 1006 and that it was hearsay. Powers objected to the admission of plaintiff's exhibit 1 on the basis of MRE 1006, but he did not raise a hearsay objection. "An appeal based on one ground is not preserved where the objection at trial was on a different ground." *Westland v Okopski*, 208 Mich App 66, 72; 527 NW2d 780 (1994). The hearsay objection is not preserved. Unpreserved errors are reviewed for plain error affecting substantial rights. *Hogg*, 307 Mich App at 406.

We conclude that the trial court did not abuse its discretion in admitting plaintiffs' exhibit 1. While the billing summary, alone, would have likely been insufficient to support Bradley and Chuang's request for attorney fees,[7] Fink verified the information in the document based on his personal knowledge. Accordingly, Powers has failed to establish any error, let alone plain error affecting his substantial rights. See *Hogg*, 307 Mich App at 406.

Frye-Chaiken and Powers further maintain that trial court erred in limiting the cross-examination of Fink. "MRE 611 grants a trial court broad power to control the manner in which a trial is conducted, including the examination of witnesses." *Hartland Twp v Kucykowicz*, 189 Mich App 591, 595; 474 NW2d 306 (1991). The trial court did not abuse its discretion by limiting the scope of the cross-examination at the evidentiary hearing to the relevant factors outlined in *Smith*, 481 Mich at 528-533. Frye-Chaiken and Powers have not identified any specific testimony that

---

[7] See *Smith,* 481 Mich at 532.

they should have been permitted to elicit or how that information would have made a difference in the court's ultimate determination.  See MRE 103(a).

Finally, Frye-Chaiken and Powers briefly assert in one paragraph at the end of their brief that the attorney-fee award was excessive. Frye-Chaiken and Powers have not properly presented this issue in their statement of questions presented. MCR 7.215(C)(5); *Grand Rapids Employees Independent Union v Grand Rapids*, 235 Mich App 398, 409–410; 597 NW2d 284 (1999). Accordingly, we hold that this argument is waived. See *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000).

## IV. CONCLUSION

The trial court's decision to include Powers on the judgment for sanctions, jointly and severally with Frye-Chaiken and her prior attorneys, did not fall outside the range of reasonable and principled outcomes. The judgment also complied with MCR 2.602(B)(1). And the trial court did not err by including statutory interest in the attorney-fees award. We further find that the trial court did not abuse its discretion in admitting plaintiffs' exhibit 1 or limiting the scope of the cross-examination of plaintiffs' attorney at the evidentiary hearing to support the request for attorney fees.

Affirmed.

/s/ David H. Sawyer
/s/ Anica Letica
/s/ Sima G. Patel