# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA ANN D'ITRI,

UNPUBLISHED
January 27, 2015

Plaintiff-Appellant,

v

Nos. 315869 and 319038
Ingham Circuit Court

SHARON HOBBS, PH.D., LINDA L. WIDENER,
and FARHAT & STORY, PC,

LC No. 11-000779-CZ

Defendants-Appellees.

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

In Docket No. 315869, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants Sharon Hobbs, Ph.D. (Hobbs), Linda L. Widener, and Farhat & Story, PC,[1] as well as the trial court's order awarding Hobbs attorney fees and costs. The case concerns alleged negligence and malpractice relative to psychological evaluations performed by Hobbs and her associated custody recommendation, along with defendant attorneys' representation of plaintiff, in an underlying custody dispute between plaintiff and her former live-in boyfriend. In Docket No. 319038, plaintiff appeals by delayed leave granted the trial court's subsequent order awarding taxable costs to defendant attorneys, primarily expenses incurred for their expert witness. In Docket No. 315869, we affirm the summary dismissal of all of plaintiff's claims against all defendants, along with the award of attorney fees and costs to Hobbs, given the frivolous nature of the claims against Hobbs. In Docket No. 319038, we reverse the award of taxable costs for expert witness fees and remand for a recalculation of those costs as guided by this opinion.

In *D'Irti v Bollinger*, unpublished opinion per curiam of the Court of Appeals, issued November 22, 2011 (Docket No. 303472), slip op at 1, this Court provided some background information that is relevant here:

---

[1] Plaintiff's suit against defendant Widener was essentially for legal malpractice, and the action against defendant Farhat & Story, PC, Widener's employer, was based exclusively on vicarious liability. Hereafter, we shall collectively refer to these parties as "defendant attorneys."

-1-

[Plaintiff and her former boyfriend], who were never married, are the parents of SB, born December 2, 2002. After the parties separated, a stipulated order was entered awarding joint legal custody of the minor child to both parties, but granting primary physical custody of the minor child to . . . [the] father.

Less than a year later, plaintiff-mother moved for a change of custody, citing the minor child's desire to live with her and alleging that . . . [the] father and his wife had a contentious marriage. [F]ather's response to the motion denied that his marital relationship was acrimonious. The matter was referred to a conciliator, who recommended [that] . . . [the] father retain primary physical custody, noting that plaintiff-mother had failed to provide any evidence to support her allegations.[2]

The actions at issue in this case regard those that occurred *before* plaintiff moved for a change of custody, at which point she was acting pro se, and concern plaintiff's original stipulation to joint legal custody and sole physical custody with the father. Prior to that particular settlement, the parents stipulated to having Hobbs perform psychological evaluations of the family and prepare a report on her findings. The stipulated order directed that the report be "confidential and only shared with counsel for the parties" apart from the summary. Hobbs recommended that the father receive sole physical custody. Plaintiff then entered into the settlement awarding her and the father joint legal custody, but granting primary physical custody to the father.

Four months after her subsequent motion to change custody was dismissed and while her appeal of that order was still pending in this Court, plaintiff filed the present action in the trial court. As to Hobbs, plaintiff alleged negligence, breach of contract, and fraud. With respect to defendant attorneys, in an amended complaint, plaintiff raised claims of legal malpractice, breach of contract, and malicious and intentional breach of fiduciary duty. After review, the trial court granted summary disposition in defendants' favor on all claims, awarded Hobbs attorney fees and costs for having to defend against a frivolous action, and ordered plaintiff to pay taxable costs to defendant attorneys, primarily to cover expert witness fees.

Plaintiff first argues that the trial court erred when it found that Hobbs was entitled to absolute immunity for any negligence in conducting her evaluations and preparing her report that recommended father be awarded sole physical custody.

We review a trial court's grant or denial of summary disposition de novo. When reviewing a motion for summary disposition under MCR 2.116(C)(7), the court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery. The court must consider any pleadings, affidavits, depositions, admissions, or other documentary evidence

_____

[2] Eventually, plaintiff's motion to change custody was dismissed for failure to establish a change of circumstances or proper cause, and this Court affirmed. *D'itri*, slip op at 1.

that have been submitted by the parties, however, the moving party is not required to file supportive material. If there are no facts in dispute, whether the claim is statutorily barred by immunity is a question of law. [*Diehl v Danuloff*, 242 Mich App 120, 122-123; 618 NW2d 83 (2000) (citations omitted).[3]]

In addition, we review questions of law de novo. *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012).

In *Diehl*, 242 Mich App at 135, this Court addressed the very issue posed to us in this case, ruling as follows:

> [W]e hold that the doctrine of quasi-judicial immunity extends to court-appointed psychologists ordered to conduct evaluations and make recommendations to the trial court in custody disputes. Because defendant's evaluation and recommendation aided the trial court in determining child custody, a function integral to the judicial process, and because his services were performed pursuant to a court order, defendant was entitled to quasi-judicial immunity from plaintiff's suit.

In the context of this issue, the *Diehl* panel stated that "court-appointed psychologists may not be held civilly liable for the consequences of their alleged negligent acts[.]" *Id.* at 134.

Plaintiff acknowledges the general rule, but maintains that a psychologist is only immune from suit while acting within the scope of a judicial appointment. She admits that this limitation was not set out in *Diehl*, but maintains that many of the cases upon which *Diehl* relied do contain such a limitation. Plaintiff then further argues that, although almost all of Hobbs's written report is within the scope of her appointment, Hobbs's ultimate recommendation that the child's father have sole physical custody exceeded the scope of her appointment.

The quoted-passage above from *Diehl* specifically states that the immunity extends to an evaluation and *recommendation*. Accepting that immunity only arises when a psychologist is acting within the scope of his or her judicial appointment, we find no basis to conclude that Hobbs was acting outside the scope of her judicial appointment. Plaintiff is effectively claiming that the stipulated order appointing Hobbs needed to expressly state that she was authorized to make a recommendation and the failure to include such language meant that the recommendation fell outside the scope of the judicial appointment. The stipulated order here specified that "the parties and the minor children shall take part in psychological evaluations to be conducted by Dr. Sharon Hobbs." The order also provided that the report was to be confidential, that it could only be shared with counsel for the parties, and that Hobbs and the attorneys were prohibited from providing the report, except the summary, to the parties themselves. None of the language in the

---

[3] The trial court stated that it was granting Hobbs's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). However, given the nature of the argument and the analysis used, MCR 2.116(C)(7) would be the more appropriate court rule, as (C)(7) specifically deals with immunity.

order suggested any limitation on Hobbs's evaluation, report, or summary, such that she was precluded from making a custody recommendation. Plaintiff has presented no authority to indicate that the broad instruction in the stipulated order prevented Hobbs from providing an ultimate recommendation. Indeed, reports of these kinds typically include a recommendation, as reflected in MCR 3.219, which provides:

> If there is a dispute involving custody, visitation, or change of domicile, and the court uses a community resource to assist its determination, the court must assure that copies of the written findings and *recommendations* of the resource are provided to the friend of the court and to the attorneys of record for the parties, or the parties if they are not represented by counsel. [Emphasis added.]

Accordingly, pursuant to *Diehl*, Hobbs is immune from suit. The trial court did not err when it granted Hobbs's motion for summary disposition. In light of this conclusion, it is unnecessary to address plaintiff's additional issues concerning an alleged requirement in MCL 552.505(1)(g) that Hobbs's written report be specially based on the custody best-interest factors, MCL 722.23, and whether Hobbs's negligence, if any, would be more properly characterized as sounding in medical malpractice or ordinary negligence. Nor do we find the trial court's refusal to grant plaintiff reconsideration of her earlier claims against Hobbs erroneous under the circumstances.

Plaintiff also argues that the trial court erred when it granted Hobbs's motion for $2,800 in attorney fees pursuant to MCL 600.2591. With respect to a request for attorney fees under MCL 600.2591, we review for an abuse of discretion the trial court's ruling on the request. *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012). However, the court's underlying factual findings, including a finding of frivolousness, are reviewed for clear error. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002); *Edge*, 299 Mich App at 127. Issues regarding the interpretation of MCL 600.2591 are reviewed de novo on appeal. *Id.*

"Upon motion of any party, if a court finds that a civil action . . . was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party . . . ." MCL 600.2591(1). The sanctions include "court costs and reasonable attorney fees." MCL 600.2591(2). The plain and unambiguous language of MCL 600.2591 mandates an award of attorney fees and costs if a suit was frivolous. A suit is frivolous when a "party's legal position was devoid of arguable legal merit." MCL 600.2591(3)(a)(iii).

Hobbs was properly granted summary disposition and was thus a prevailing party. Moreover, the trial court apparently found, as argued by Hobbs, that plaintiff's position was "devoid of arguable legal merit." Given our discussion of the immunity issue and this Court's ruling in *Diehl*, we agree. Plaintiff's assertion that Hobbs was not acting within the scope of her judicial appointment in making a custody recommendation had no legal merit, arguable or otherwise. It is evident that plaintiff's mere unhappiness and disagreement with Hobbs's report and recommendation drove the lawsuit. The trial court's finding of frivolousness was not clearly erroneous.

Plaintiff next argues that the trial court erred when it granted defendant attorneys' motion for summary disposition under MCR 2.116(C)(10). With respect to the well-established

-4-

principles governing the analysis of a motion for summary disposition brought pursuant to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), stated:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

In a legal malpractice action, the plaintiff has the burden of proving: (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; (3) that the attorney's negligence was a proximate cause of an injury; and (4) the fact and extent of the alleged injury. *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995). With respect to the causation element, this Court in *Manzo v Petrella and Petrella & Assoc, PC*, 261 Mich App 705, 712; 683 NW2d 699 (2004), observed:

> In order to establish proximate cause, a plaintiff must show that a defendant's action was a cause in fact of the claimed injury. Hence, a plaintiff must show that but for an attorney's alleged malpractice, the plaintiff would have been successful in the underlying suit. This is the "suit within a suit" requirement in legal malpractice cases.

Plaintiff's claims attack myriad aspects of defendant attorneys' representation in regard to: the stipulation to engage Hobbs's services; preliminary observations made by Hobbs; Hobbs's report and recommendation; the settlement agreement providing sole physical custody for the father; a referee hearing covering the settlement; related court proceedings; imparting information on and employing custody principles, such as those concerning the established custodial environment; and other actions or inactions tied to the original custody dispute. Upon consideration of plaintiff's arguments and all of the documentary evidence,[4] we hold that plaintiff failed to establish a genuine issue of material fact showing that, but for the assumed malpractice of defendant attorneys, plaintiff would have been successful in the underlying

---

[4] Contrary to plaintiff's claim, defendant attorneys did present documentary evidence in support of summary disposition.

custody battle. We reach this conclusion in light of the following: the information in Dr. Hobbs's report, including plaintiff's description of her former boyfriend as a good and wonderful father; statements made or agreed to by plaintiff at the settlement hearing, including in relationship to the child's expressed wishes to reside with her father; an alcohol-related incident at an airport involving plaintiff and the child; plaintiff's affair with a married man; evidence and information of events and conduct that were explored in the subsequent motion to change custody and touched on by this Court in the related appeal; the general speculative nature of plaintiff's claims; the totality of the circumstances; and the law of child custody. In sum, the trial court did not err in granting defendant attorneys' motion for summary disposition. On contemplation of all of plaintiff's arguments, reversal of the summary disposition ruling is unwarranted.

Next, plaintiff argues that the trial court erred when it awarded defendant attorneys all of their requested expert witness fees pursuant to MCR 2.625. A trial court's ruling on a motion for costs pursuant to MCR 2.625 is reviewed for an abuse of discretion, but the trial court's determination of whether a given expense is a taxable cost is reviewed de novo as a question of law. *Guerrero v Smith*, 280 Mich App 647, 670; 761 NW2d 723 (2008). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). In *Guerrero*, 280 Mich App at 670-671, this Court observed:

> "Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." MCR 2.625(A)(1). The power to tax costs is purely statutory, and the prevailing party cannot recover such expenses absent statutory authority. [Citations omitted.]

"MCL 600.2164(1) authorizes a trial court to award expert witness fees as an element of taxable costs." *Guerrero*, 280 Mich App at 672 (citation and internal quotation marks omitted). MCL 600.2164(1) provides:

> No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award, shall be guilty of contempt of court, and on conviction thereof be punished accordingly.

Notably, this provision "shall not be applicable to witnesses testifying to the established facts, or deductions of science, nor to any other specific facts, but only to witnesses testifying to matters of opinion." MCL 600.2164(3).

In *Van Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 218; 823 NW2d 843 (2012), which was a case concerning an alleged breach of an escrow schedule and related costs and sanctions, this Court discussed expert witness fees:

An expert is not automatically entitled to compensation for all services rendered. Conferences with counsel for purposes such as educating counsel about expert appraisals, strategy sessions, and critical assessment of the opposing party's position are not regarded as properly compensable as expert witness fees. Experts are properly compensated for court time and the time required preparing for their testimony. In addition, the traveling expenses of witnesses may be taxed as costs[.] [Citations, internal quotation marks, and alteration brackets omitted.]

*Van Elslander* is controlling, although we note that, as to the preceding passage, the panel relied on this Court's opinions in *Hartland Twp v Kucykowicz,* 189 Mich App 591; 474 NW2d 306 (1991), and *Detroit v Lufran Co,* 159 Mich App 62; 406 NW2d 235 (1987). *Van Elslander,* 297 Mich App at 218 nn 28-30. And both *Hartland Twp* and *Lufran* addressed expert witness fees under a specific statutory provision governing fees in condemnation actions, MCL 213.66, whereas *Van Elslander* was not a condemnation action. However, the *Lufran* panel compared MCL 213.66 to MCL 600.2164, and noted that "the only difference between amounts properly paid experts under § 2164 . . . and . . . the Uniform Condemnation Procedures Act is that the award of expert witness fees for trial preparation time is discretionary under § 2164." *Lufran,* 159 Mich App at 66. The *Hartland Twp* opinion simply cited and relied on *Lufran. Hartland Twp,* 189 Mich App at 599. We assume that the *Van Elslander* panel decided to extend *Lufran* to a non-condemnation case in light of *Lufran*'s indication that the two statutes were similar.

Here, the trial court simply awarded defendant attorneys all of the requested expert witness fees, yet some of the billings appear to fall within the categories alluded to in *Van Elslander* as not being properly compensable. Accordingly, we reverse the trial court's order reimbursing defendant attorneys for all of the expert's time spent on the case and remand for findings and a reassessment consistent with *Van Elslander.* With respect to any other related arguments posed by plaintiff associated with the award of costs, they are rejected for lack of merit.

Finally, plaintiff presents some various arguments, including a claim of entitlement to punitive damages, that are entirely lacking in merit, unsupported by relevant legal authorities, not properly preserved, and/or inadequately briefed, and we therefore reject those arguments outright. See *Mudge v Macomb Co,* 458 Mich 87, 105; 580 NW2d 845 (1998).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Hobbs, having fully prevailed on appeal, is awarded taxable costs pursuant to MCR 7.219. As between plaintiff and defendant attorneys, neither side having fully prevailed on appeal, we decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto