BARKSDALE v BERT'S MARKETPLACE

Docket No. 290329. Submitted April 8, 2010, at Detroit. Decided August 31, 2010, at 9:15 a.m.

Laneeka Barksdale brought an action in the Wayne Circuit Court against her employer, Bert's Marketplace, and its manager, Jai-Lee Dearing, alleging sexual harassment and retaliation. During the jury trial, the court, John H. Gillis, Jr., J., stopped plaintiff's examination of one witness after half an hour, refused to allow redirect examination of that witness, and denied plaintiff's request to make an offer of proof about what further testimony the witness would have given had the court allowed more time. The court also ruled inadmissible as hearsay the deposition testimony of another witness for plaintiff. The jury returned a verdict of no cause of action, and plaintiff appealed.

The Court of Appeals *held*:

MRE 611(a) provides that the trial court must exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth, avoid needless consumption of time, and protect witnesses from harassment or undue embarrassment. While the decisions of trial courts to limit the time for examination of witnesses have been upheld, the trial court here abused its discretion by imposing an arbitrary time limit on the examination of a witness when the limit was not necessary to advance any of the trial-management goals set forth in MRE 611(a). The trial court further abused its discretion by refusing to permit plaintiff to make an offer of proof in accordance with MRE 103(a)(2). These errors were not harmless because they prejudiced plaintiff's substantial rights, and a new trial is required.

Reversed and remanded for a new trial.

1. WITNESSES — EXAMINATION — TIME LIMITS ON EXAMINATION — ARBITRARY TIME LIMITS.

A trial court must exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of truth, avoid needless consumption of time, and protect

witnesses from harassment or undue embarrassment; a trial court abuses its discretion by imposing a time limit on the examination of a witness that is arbitrary and not necessary to advance trial-management goals (MRE 611[a]).

2. EVIDENCE — EXCLUSION — OFFER OF PROOF.

A trial court's need to complete witness testimony, however urgent, does not absolve it from its obligation to permit an offer of proof in accordance with MRE 103(a)(2) after the court has excluded evidence.

*I.A.B. Attorneys at Law, PLLC* (by *Felicia Duncan*), for plaintiff.

*The Draper Law Firm* (by *David R. Draper* and *Jonathan M. Colman*) for defendants.

Before: MARKEY, P.J., and ZAHRA and GLEICHER, JJ.

PER CURIAM. In this action alleging sexual harassment, MCL 37.2103(i); MCL 37.2202(1)(a), and retaliation, MCL 37.2701(a), plaintiff, Laneeka Barksdale, appeals as of right the trial court's entry of a judgment of no cause of action that effectuated the jury's verdict. We reverse and remand for a new trial.

Plaintiff worked as a waitress and bartender at defendant Bert's Marketplace from May 10, 2007, until she resigned approximately two months later. During this brief period of employment, plaintiff also worked at Bert's on Broadway. Bert Dearing owned both establishments. His son, defendant Jai-Lee Dearing, managed Bert's Marketplace. Plaintiff alleged that Jai-Lee Dearing sexually harassed her by touching her inappropriately, commenting on her legs, and propositioning her "as if she was a prostitute." Plaintiff claimed that after she reported Jai-Lee Dearing's conduct to Bert Dearing, defendants retaliated by not scheduling her for work.

Trial commenced on December 10, 2008, with jury selection and arguments relating to several motions in limine. According to the court reporter's notes, these preliminary events consumed 1 hour and 13 minutes of the court's time. On the second day of trial, counsel gave brief opening statements during an abbreviated morning session.[1] Plaintiff testified as the first trial witness. The transcript of her direct and cross-examinations required fewer than 100 pages.

When trial resumed at 11:24 a.m. the next day, plaintiff called Bert Dearing for examination. On the twenty-fourth transcript page of Dearing's examination, the trial court announced, "It's [defense counsel's] turn, go ahead. . . . Time's up." Plaintiff's counsel protested, "[L]et me put on the record that I'm not finished with this witness and if you would like for me to stop now even though I haven't done all of the testimony I need, I would like to place that objection on the record so that on appeal—" The trial court interrupted, advising plaintiff's counsel, "Each side gets a half hour with this witness." After defense counsel examined Dearing, plaintiff's counsel requested an opportunity to ask redirect questions, which prompted the following colloquy:

> [*Plaintiff's counsel*]: Well, I've got kind of a couple questions. I don't get a redirect?
>
> *The Court*: No, no. The rule is I announce the time and when the time's up, the questions stop.
>
> [*Plaintiff's counsel*]: Okay.
>
> I just wanted to ask if I can make an offer of proof on the record?

---

[1] Opening statements began at 11:49 a.m. The transcript does not reflect the times of the lunch recess that day, but plaintiff's brief identifies that the court recessed for lunch at 12:41 p.m. and resumed proceedings at 2:16 p.m. The transcript also does not state at what time the proceedings concluded that day.

*The Court*: No.

You've made an objection, that's sufficient for appeal. I've been taken up on appeal on this issue many, many times. You've made an objection, that's all you have to do.

Plaintiff then sought to introduce the deposition testimony of Roy Lawhorn, who provided security for Bert's Marketplace. The trial court ruled that Lawhorn's testimony about plaintiff's out-of-court statements constituted inadmissible hearsay, and plaintiff opted not to read the deposition. The defense called no witnesses. The jury found that defendants had not sexually harassed or retaliated against plaintiff.

Plaintiff first challenges as improper the trial court's limitation of the total time for Bert Dearing's examinations. Plaintiff further asserts that the trial court erred in a related fashion by denying her an opportunity to make an offer of proof describing the testimony that counsel would have elicited had the court permitted more time. We review for an abuse of discretion a trial court's exercise of its power to control the interrogation of witnesses. *Alpha Capital Mgt, Inc v Rentenbach*, 287 Mich App 589, 615; 792 NW2d 344 (2010). To the extent that our inquiry requires an examination of the Michigan Rules of Evidence, we consider de novo the legal issues presented. *Id.*

Pursuant to MRE 611(a), "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." In *Hartland Twp v Kucykowicz*, 189 Mich App 591, 595; 474 NW2d 306 (1991), this Court emphasized that "[t]he mode and order of admitting proofs and interrogating witnesses rests within the discretion of the trial court." The trial court in *Hartland Twp*, on the fifth day of a trial,

limited witness examinations to one hour each for direct and cross-examinations, but later amended its ruling to permit defense counsel more time with one expert witness. *Id.* at 596. On appeal, this Court held, "The record shows that the trial court properly exercised its discretion in limiting the time for examination of witnesses." *Id.*

We again upheld a trial court's decision to limit witness examination in *Alpha Capital Mgt.* There, the trial court permitted the plaintiff's counsel around 4½ hours for the direct examination of a witness. *Id.* at 616. After the witness's testimony concluded, the court "limited the entire time for additional witness examinations to 1½ hours, 45 minutes for each side." *Id.* at 617. We explained in *Alpha Capital Mgt*, that "[u]nder the specific circumstances presented," the trial court's decision to limit the examination of two witnesses did not amount to an abuse of discretion. *Id.* at 618. Our decision rested on the following dispositive findings:

> The record reveals that counsel had adequate time to develop the facts and issues at the center of the parties' dispute. Moreover, the trial court permitted [Alpha Capital Management, Inc.] more than three hours for its examination of Burrell on the basis of counsel's pledge that he could complete the rest of the witness examinations in a half hour.[12]

---

[12] We emphasize our disapproval of utterly arbitrary time limitations unrelated to the nature and complexity of a case or the length of time consumed by other witnesses. Here, however, because the trial court selected a time limitation suggested by [Alpha Capital's] counsel, the period permitted did not qualify as arbitrary. And even if the time period selected could be fairly characterized as arbitrary, by proposing one-half hour for all witnesses other than Burrell, plaintiff's counsel waived any possible error.

---

[*Id.* at 618 n 12.]

We find this case readily distinguishable from *Alpha Capital Mgt*. The record reveals that counsel wasted no time in picking a jury or delivering opening statements. Plaintiff's counsel conducted her examination of plaintiff expeditiously, without repetitive or irrelevant questions. Given this record, we discern no reasonable basis for the trial court's determination that limiting witness examinations to 30 minutes for each side advanced the trial-management goals set forth in MRE 611(a). The record lacks any indication that curtailing counsel's time for witness examinations was necessary to "avoid needless consumption of time" or to "protect witnesses from harassment or undue embarrassment." MRE 611(a)(2). Moreover, the trial court entirely failed to explain how the severely restrictive time parameter it selected "ma[d]e the interrogation and presentation [of witnesses] effective for the ascertainment of the truth." *Id*. Accordingly, we conclude that the trial court abused its discretion by imposing an "utterly arbitrary" time limit "unrelated to the nature and complexity of [the] case or the length of time consumed by other witnesses." *Alpha Capital Mgt*, 287 Mich App at 618 n 12. Stated differently, by imposing an utterly arbitrary time limit for witness examinations, the trial court selected an outcome falling outside the range of principled outcomes. *Taylor v Kent Radiology, PC*, 286 Mich App 490, 524; 780 NW2d 900 (2009).

The trial court further abused its discretion by ignoring or misapplying MRE 103(a)(2) when it precluded plaintiff's counsel from presenting an offer of proof. "The trial court's need to complete witness testimony, however urgent, does not absolve it from its obligation to permit an offer of proof in accordance with MRE 103(a)(2)." *Alpha Capital Mgt*, 287 Mich App at 619. The arbitrary 30-minute time limit prevented plaintiff's counsel from completing her examination of Bert Dear-

ing and deprived her of any opportunity for reexamination. The trial court's preclusion of allowing plaintiff to offer any proof concerning potential additional areas of inquiry further prejudiced plaintiff's substantial rights. MCR 2.613(A). Consequently, we cannot deem these errors harmless.

Plaintiff lastly challenges the trial court's decision to exclude the portions of Lawhorn's deposition testimony relating to plaintiff's statements that Jai-Lee Dearing had sexually harassed her. Although we need not reach this issue given our reversal of the judgment of no cause of action, we note for purposes of guidance on remand that we detect no error in the trial court's conclusion that Lawhorn's challenged statements fall within the category of inadmissible hearsay.

Reversed and remanded for a new trial. We do not retain jurisdiction.