# STATE OF MICHIGAN

# COURT OF APPEALS

BEVERLY GARVIN,

        Plaintiff-Appellee/Cross-Appellant,

v

DETROIT BOARD OF EDUCATION,

        Defendant-Appellant,

and

MARY ANDERSON, ROSA JACKSON, LAURI
WASHINGTON, and DEBRA WILLIAMS,

        Defendants-Appellants/Cross-
        Appellees.

UNPUBLISHED
June 16, 2015

No. 319557
Wayne Circuit Court
LC No. 08-120224-NO

Before: MARKEY, P.J., and OWENS and GLEICHER, JJ.

PER CURIAM.

Following a jury trial, a $721,400 judgment was entered in favor of plaintiff in this employment retaliation action that was pursued pursuant to 42 USC 1983 for violations of plaintiff's right to free speech. The trial court also entered an order awarding plaintiff attorney fees of $225,913 and costs of $6,139.59. Defendants appeal as of right. We vacate both the judgment and the order awarding attorney fees and costs and remand for a new trial on the § 1983-First Amendment claim with respect to the individual defendants.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case is before us for the second time. In the prior appeal, this Court summarized the basic facts, in part, as follows:

> In plaintiff's complaint, she alleged that young male students had targeted young female students and forced them to perform fellatio and other acts of sexual degradation at a public middle school where plaintiff was employed as a teacher. Plaintiff further alleged that she reported "the sexual assaults . . . to proper school authorities, who, apparently and unfortunately, did not want to be

-1-

'hassled' by such matters, so they declined to take specific and definitive action[.]" According to the complaint, plaintiff, in the face of defendants' apathy, "reported the sexual assaults to non-school public officials, including, but not by way of limitation, Child Protective Services [(CPS)]." As part of the CRA [Michigan Civil Rights Act, MCL 37.2101, *et seq.*] claim in count I of the complaint, plaintiff asserted that the civil rights of the young female victims to enjoy public schools and places of accommodation were violated through "the sexual assaults of the boy . . . perpetrators and by the apathy of the public school officials in not taking measures to protect the girls." Plaintiff claimed that as a result of her conduct in opposing the violations, she was subjected to adverse employment actions taken by defendants, including the eventual termination of her employment. Plaintiff sought damages under the CRA for defendants' wrongful conduct in harassing, disciplining, and firing plaintiff because of "her efforts to prevent the young school girls from being sexually assaulted."

In count II of the complaint, plaintiff alleged that she was engaged in protected activity under the First Amendment when she raised matters of public concern by way of petitioning defendants and other public agencies to take proper action to protect the young female students and voiced opposition to sexual assaults and gender harassment and discrimination. Plaintiff, in making a claim for damages under 42 USC 1983 as to count II, contended that defendants violated her First Amendment rights by terminating her employment in retaliation for exercising those rights. [*Garvin v Detroit Bd of Ed*, unpublished per curiam opinion of the Court of Appeals, issued February 26, 2013 (Docket No. 298838), slip op pp 1 – 2.]

After reviewing an appeal from defendants[1] regarding the trial court's denial of defendants' motions for summary disposition and for directed verdict with respect to plaintiff's employment retaliation action that was pursued on the basis of the CRA and the First Amendment of the United States Constitution through the conduit of 42 USC 1983, this Court reversed and remanded for "(1) entry of an order of dismissal on the CRA claim[2] with respect to all defendants; and (2) for a new trial on the § 1983-First Amendment claim with respect to the

---

[1] In the prior opinion, this Court stated:

Plaintiff, by using the acronym "a/k/a," captioned her complaint as if the Detroit Public School District, the Detroit Board of Education, and the Detroit Public Schools are all one in the same entity; they are not, as the school board and school district are distinct legal entities. See MCL 380.3(3) and MCL 380.6(1). We shall refer to these defendants as the "entity defendants" for purposes of this opinion. [*Garvin*, unpub op p 1, n 1.]

[2] We will not address this Court's prior decision regarding the CRA claim because it is not relevant to the present appeal.

-2-

individual defendants, but for entry of an order of dismissal in regard to the entity defendants." *Garvin*, unpub op p 25.

With respect to the § 1983-First Amendment claim, this Court rejected defendants' argument that plaintiff's speech in response to defendants' handing of the sexual assault incident was not constitutionally protected speech. This Court held that "plaintiff's speech in calling CPS to report the assault, in communicating with the superintendant's [sic] office to express her displeasure, and in voicing dissatisfaction at staff meetings, all constituted protected speech as a matter of law for purposes of plaintiff's § 1983-First Amendment claim." *Garvin*, unpub op p 20. Although the Court concluded that the constitutional claim was properly left for the jury to decide, it could not "allow the judgment of liability to stand" because it "could only speculate as to whether the jury even addressed the § 1983-First Amendment claim." *Id.* at 20. Specifically, the first question on the jury verdict form asked whether defendants retaliated against plaintiff in violation of the CRA *or* the First Amendment, to which the jury responded, "yes." *Id.* at 6 (emphasis added). Therefore, this Court stated that "we have absolutely no way to determine whether the jury found liability on the basis of the CRA claim, the § 1983-First Amendment claim, or on both claims." *Id.* The jury awarded plaintiff $750,000 in damages, including $490,000 in punitive damages against all defendants, but the verdict form also did not distinguish which claim the punitive damages were based on. *Id.* Accordingly, this Court concluded that a remand for a new trial on the § 1983-First Amendment claim was mandated. *Id.* at 20.

This Court also addressed arguments "posed by defendants that either need resolution at this juncture or beg for guidance to avoid errors in the new trial." *Garvin*, unpub op p 21. Of particular relevance to the present appeal is this Court's discussion of defendants' argument that the trial court abused its discretion in limiting the time for examining witnesses:

> For purposes of remand, we provide the following guidelines for the trial court to abide by if it again decides to set time limits. MRE 611(a) provides:
>
> > The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
>
> Placing time limits on the examination of witnesses is a discretionary decision by the trial court, but the decision must be consistent with the parameters set forth in MRE 611(a). *Barksdale v Bert's Marketplace*, 289 Mich App 652, 655-657; 797 NW2d700 (2010). A trial court abuses its discretion when it imposes utterly arbitrary time limitations that are unrelated to the nature and complexity of a given case or the length of time consumed by the testimony of other witnesses. *Id.* at 657. We direct the trial court to abide by these principles on remand, explaining any time constraints in relationship to the factors enunciated in MRE 611(a). [*Garvin*, unpub op pp 24 - 25; footnote deleted.]

## II. THE RETRIAL

Plaintiff's counsel called the first witness, defendant Mary Anderson, as an adverse witness. After plaintiff's counsel cross-examined Anderson for what the trial court announced to be one hour and 15 minutes,[3] the trial court took a recess. Following the recess, the trial court announced that it would allot defense counsel as much time for cross-examination of Anderson as plaintiff's counsel received for direct examination, but that going forward the court was limiting the examination of each witness to two hours – one hour each for direct examination and cross examination. Defense counsel objected to the one-hour time limitation, arguing that it was unreasonable and unfair and would not be a sufficient amount of time to cross-examine plaintiff. Defense counsel asserted that he needed to cross-examine plaintiff regarding eight or nine hours of prior testimony including her depositions, the prior trial, and the disciplinary hearing. Defense counsel also asserted that during the first trial he had not been able to finish cross-examining plaintiff, and he offered to submit an offer of proof to demonstrate why the time allotted would not be sufficient. The trial court overruled defense counsel's objection, simply stating, "I made a (inaudible) decision I have that discretion under the rules of evidence, the Court rules. So going for 2 hours per witness. Up to a [sic] hour each side."

After the conclusion of Anderson's testimony, plaintiff's counsel began his direct examination of plaintiff. The direct examination of plaintiff encompassed 41 pages of transcript. Defense counsel's cross-examination of plaintiff began at page 143 of transcript, and the court recessed for the day during defense counsel's cross-examination at page 183 of the transcript. When the trial recommenced the next day, the trial court announced that defense counsel had used up his one-hour of cross-examination and that plaintiff's counsel had 14 minutes remaining for redirect examination. Defense counsel again raised an objection to the time limitation for examining witnesses; he asserted that he had not yet introduced records, had not cross-examined plaintiff regarding the merits of her claim and the exhibits he intended to introduce, and had not yet impeached plaintiff's credibility regarding prior inconsistent statements she made during two depositions and the prior trial. Defense counsel indicated that he would need at least two additional hours to complete his cross-examination of plaintiff. Despite this, the trial court stated that it had set the time limits and the court refused to allow defense counsel to conduct additional cross-examination of plaintiff.

Plaintiff's counsel resumed the redirect examination of plaintiff, after which the plaintiff rested. When defense counsel called his first witness, the trial court stated, without explanation, that, "[t]here is no time limit on this one." When defense counsel called his second witness, the court made no mention of a time limitation. But when defense counsel called his third witness, the trial court stated, "This will be a maximum of two hours."

---

[3] Plaintiff's counsel's examination of Anderson began at page 64 of the transcript, and the court called a recess at page 112 of the transcript.

III. MRE 611(a)

Defendants challenge as improper the trial court's limit of one hour for the examination of witnesses who testified after Anderson. They assert that the time limit was arbitrary and denied defense counsel the opportunity to fully cross-examine plaintiff. We review for an abuse of discretion a trial court's exercise of its power to control the interrogation of witnesses. *Barksdale v Bert's Marketplace*, 289 Mich App 652, 655; 797 NW2d 700 (2010).

MRE 611(a) provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." In the prior appeal in this case, this Court directed the trial court to explain any time constraints on the examination of witnesses in relationship to the factors enunciated in MRE 611(a). On retrial, the trial court announced the time limitation after the direct examination of plaintiff's first witness and stated that the time limit would begin with the next witness, which was plaintiff. Defense counsel had not yet questioned any witnesses. The court did not provide any explanation as to why the time limitation it imposed was justified under MRE 611(a). The next day, when defense counsel again challenged the trial court's time limitation, the trial court stated that the trial had been "reduced to one count,"[4] but again offered no justification for its decision in relationship to the factors enunciated in MRE 611(a). Indeed, the trial court offered no justification whatsoever for imposing a time limitation. The record lacks any indication that curtailing counsel's time for witness examinations was necessary to "avoid needless consumption of time," or to "protect witnesses from harassment or undue embarrassment." MRE 611(a)(2). The arbitrary time limit imposed by the trial court prevented defendants from completing their cross-examination of plaintiff, the primary witness in the case.[5] Under these circumstances, we find that the trial court abused its discretion by imposing an utterly arbitrary time limit without explaining how the time parameter it selected advanced the trial-management goals set forth in MRE 611(a). *Barksdale*, 289 Mich App at 657.

Although not raised as an issue by defendants, we are also troubled by the trial court's failure to allow defense counsel to present an offer of proof. In *Barksdale*, 289 Mich App at 657, this Court held that:

---

[4] The court's comment clearly referred to the fact that the first trial in this case involved two counts.

[5] We are troubled by the fact that the trial court appeared to choose which witnesses the one-hour time limit would be imposed upon. For example, the trial court did not allow defense counsel to finish the cross-examination of plaintiff and imposed the time limit on defendant Williams, but did not impose a time limit on Nina May Sanders or Nina Sanders.

The trial court further abused its discretion by ignoring or misapplying MRE 103(a)(2) when it precluded plaintiff's counsel from presenting an offer of proof. "The trial court's need to complete witness testimony, however, urgent, does not absolve it from its obligation to permit an offer of proof in accordance with MRE 103(a)(2)." *Alpha Capital Mgt [v Rentenbach]*, 287 Mich App [589] at 619; 792 NW2d 344 [2010].

As in *Barksdale*, 289 Mich App at 657, the arbitrary time limit prevented defense counsel from completing his cross-examination of plaintiff. The trial court's preclusion of an offer of proof concerning potential additional areas of inquiry further prejudiced defendants' substantial rights. MCR 2.613(A). Under these circumstances, and given the fact that this Court previously cautioned the trial court about imposing arbitrary time limits, we cannot deem these errors harmless. Consequently, we vacate the judgment and remand for a new trial on the § 1983-First Amendment claim with respect to the individual defendants. Because we are vacating the judgment on which the trial court's award of attorney fees and costs was based, we also vacate the award of fees and costs.[6]

## IV. INDEMNIFICATION

Although the remainder of the issues raised by defendants are rendered moot by our ruling, we will address one argument posed by defendants to avoid error in the new trial. Evidence that the individual defendants might be indemnified for any judgment entered against them is not admissible, just as evidence of the existence or nonexistence of liability insurance is not admissible under MRE 411.[7] The issue of indemnification, like the issue of liability insurance, is irrelevant because it "'tends to influence and prejudice jurors by imparting to them the information that whatever verdict they may render will be immaterial to the defendant, since he will not have to pay for it.'" *Id*. at 521-522, quoting 29 Am Jur 2d, Evidence, § 404, p 458. See *Felsner v McDonald Rent-A-Car, Inc*, 173 Mich App 518; 434 NW2d 178 (1988). If a party raises an objection to another party's attempt to question a witness about indemnification, the appropriate remedy is a curative instruction advising the jury that the question of indemnification has no bearing on any issue in the case and that it must refrain from any inference, speculation, or discussion about indemnification.

## V. CROSS-APPEAL

---

[6] A plaintiff may recover attorney fees and costs pursuant to 42 USC 1988 if the plaintiff is the prevailing party.

[7] MRE 411 provides:

> Evidence that a person was or was not insured against liability is not admissible upon the issues whether the person acted negligently or otherwise wrongfully. This rule does not require exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, if controverted, or bias or prejudice of a witness.

Plaintiff seeks leave amend her complaint pursuant to MCR 2.118(C). Because plaintiff did not preserve this issue below, this Court's review is limited to plain error. *Kloian v Schwartz*, 272 Mich App 232, 242; 725 NW2d 671 (2006).

MCR 2.118(C) addresses amendments to conform to the evidence and provides,

(1) When issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised by the pleadings. In that case, amendment of the pleadings to conform to the evidence and to raise those issues may be made on motion of a party at any time, even after judgment.

(2) If evidence is objected to at trial on the ground that it is not within the issues raised by the pleadings, amendment to conform to that proof shall not be allowed unless the party seeking to amend satisfies the court that the amendment and the admission of the evidence would not prejudice the objecting party in maintaining his or her action or defense on the merits. The court may grant an adjournment to enable the objecting party to meet the evidence.

Plaintiff argues that the evidence presented at the second trial showed that the DPS was liable for the actions of the individual defendants because of a policy or custom and, therefore, that she should be allowed to amend her complaint to conform to the proofs pursuant to MCR 2.116(C)(8). However, the law of the case doctrine bars plaintiff's claim. "The law of the case doctrine provides that if an appellate court has decided a legal issue and remanded the case for further proceedings, the legal issue determined by the appellate court will not be differently decided on a subsequent appeal in the same case where the facts remain materially the same." *Grace v Grace*, 253 Mich App 357, 362; 655 NW2d 595 (2002).

In the prior appeal, this Court dismissed the § 1983-First Amendment claim against the entity defendants, which included the DPS, and remanded for a new trial as to the individual defendants only. *Garvin*, unpub op p 25. In doing so, the Court noted that plaintiff "pursued the entity defendants on the basis of vicarious liability under the doctrine of respondeat superior," and "never alleged or argued that the entity defendants were liable on the § 1983-First Amendment claim because of a policy or custom." *Id.* at 13. This Court noted that school districts could only be held liable under § 1983 "when an official policy or a government custom was responsible for a deprivation of constitutional rights." *Id.* at 12. Thus, they could not be held liable under § 1983 based on a respondeat superior theory. *Id.*

Given this Court's statement that plaintiff "never alleged or argued that the entity defendants were liable on the § 1983-First Amendment claim because of a policy or custom," and this Court's dismissal of the entity defendants from the action, plaintiff's claim is barred.[8]

---

[8] Our Supreme Court denied plaintiff's leave to appeal in *Garvin*, in which plaintiff raised this same issue—that this Court should have permitted her to amend her pleadings to conform to the

We vacate the judgment and the order awarding attorney fees and costs and remand this case to the trial court for a new trial. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Elizabeth L. Gleicher

---

evidence pursuant to MCR 2.118(C) because plaintiff introduced evidence at the first trial regarding the DPS's liability based on policy or custom.