DEPARTMENT OF TRANSPORTATION v McNABB

Docket No. 143741. Submitted January 18, 1994, at Detroit. Decided March 10, 1994; approved for publication April 28, 1994, at 9:05 A.M.

The Department of Transportation brought a condemnation action in the Oakland Circuit Court against Donald E. and Doris J. McNabb, seeking to acquire the defendants' property for use in a road improvement project. At trial before a jury, a witness for the defendants testified that the defendants suffered business interruption damages of $297,664. The plaintiff offered no evidence with respect to such damages. The defendants subsequently moved for a directed verdict of $297,664 in business interruption damages. The plaintiff opposed the motion, and the court, David F. Breck, J., denied it. The jury ultimately awarded $100,000 in business interruption damages to the defendants after being instructed by the court that those damages could range from zero to $297,664. The defendants appealed the denial of the motion for a directed verdict.

The Court of Appeals *held:*

Damages resulting from business interruption are compensable in condemnation cases, provided the damages can be proven with a reasonable degree of certainty. In this case, once the issue of business interruption damages was before the jury, it was up to the jury to accept or reject the claimed damages or portions thereof, as part of its function of assessing the weight and value of the evidence.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *S. Nicholas Frontczak,* Special Assistant Attorney General, for the plaintiff.

*Monaghan, LoPrete, McDonald, Sogge & Yakima* (by *Boris K. Yakima),* for the defendants.

Before: JANSEN, P.J., and MCDONALD and G. M. HOCKING,* JJ.

PER CURIAM. Defendants, Donald E. McNabb and Doris J. McNabb, appeal as of right from a jury verdict of $100,000 for business interruption damages in this condemnation case. We affirm.

Plaintiff, the Michigan Department of Transportation, began condemnation proceedings against defendants on March 24, 1989. The land involved was part of 10.01 acres of land owned by defendants in Lyon Township in Oakland County. Plaintiff sought to acquire two portions of the property for reconfiguration of the westbound off-ramp from I-96 to Milford Road and to relocate Pontiac Trail. Defendants presented testimony from Douglas S. McNabb, the chief operating officer of the carpet business on the defendants' land, that the business interruption damages were $297,664. Plaintiff introduced no testimony or evidence relating to business interruption damages, but opposed the claim.

Defendants moved for a directed verdict with regard to business interruption damages, arguing that the jury had only one figure to consider. Plaintiff argued that defendants may not have met the burden of proof with regard to the business interruption damages. The trial court denied the motion, ruling that defendants may not have proven those damages to the satisfaction of the jury and that, because plaintiff opposed the claim, plaintiff's position was that defendants were entitled to no business interruption damages.

When ruling on a motion for a directed verdict, a trial court must consider the evidence presented at trial and all legitimate inferences that may be drawn from the evidence in a light most favorable to the nonmoving party to determine if a prima

---

* Circuit judge, sitting on the Court of Appeals by assignment.

facie case was established. Where the evidence is such that reasonable jurors could honestly have reached different conclusions, the trial court may not substitute its judgment for that of the jury and the motion must be denied. In reviewing the decision of the trial court, this Court uses an identical standard to determine if the trial court erred. *Berryman v K mart Corp,* 193 Mich App 88, 91; 483 NW2d 642 (1992).

Damages resulting from business interruption are compensable in condemnation cases, provided the damages can be proven with a reasonable degree of certainty. *Detroit v Hamtramck Community Federal Credit Union,* 146 Mich App 155, 158; 379 NW2d 405 (1985). Defendants' premise is that, because only they presented evidence of the business interruption damages, the trial court should have directed a verdict in their favor and awarded them the amount to which Douglas McNabb testified. We disagree and find that the trial court did not err in denying the motion for a directed verdict.

Once the issue of business interruption damages was before the jury, it was within the jury's province to accept or reject that claim as part of its function of assessing the weight and value of the evidence. *Id.* Plaintiff argued before the jury that defendants were not entitled to any business interruption damages. Douglas McNabb's testimony concerning the business interruption damages was based on two separate expenses: (1) the acquisition of duplicate machinery and equipment required for the separate building that had to be built because the first building could not be expanded, and (2) overtime and labor expenses. The amount for overtime and labor was estimated at $200,000, while the amount for the machinery and equip-

ment was $97,664. Thus the jury could have rejected the business interruption damages entirely or, as it apparently did in this case, accept part of the expenses proffered by defendants.

Accordingly, the trial court properly instructed the jury that the range of testimony concerning the valuation of the business interruption damages was zero to $297,664. Because the jury's verdict is within this valuation range, we will not disturb it on appeal. *Hartland Twp v Kucykowicz,* 189 Mich App 591, 598; 474 NW2d 306 (1991). The trial court did not err in denying the motion for a directed verdict.

Affirmed.