*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY KRUEGER,

      Plaintiff-Appellant,

v

PATRICK JOEL SHANDOR,

      Defendant-Appellee.

UNPUBLISHED
June 27, 2019

No. 343585
Macomb Circuit Court
LC No. 2016-003872-CK

Before: CAMERON, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

The trial court granted defendant's motions for directed verdict and case evaluation sanctions. Plaintiff appeals by right, and we affirm.

Plaintiff sued his former son-in-law, defendant, alleging identity theft, conversion, and embezzlement. Plaintiff asserted that defendant had fraudulently falsified loan and financial documents using plaintiff's personal information.[1] A jury trial was commenced on the civil action, but the case never made it to the jury for decision. Instead, the trial court granted defendant's motion for directed verdict following the presentation of plaintiff's proofs. Before the trial, a case evaluation panel had issued an evaluation award of $33,000 in favor of plaintiff. And plaintiff rejected the evaluation award. Following the directed verdict, defendant moved for case evaluation sanctions.[2] The trial court awarded defendant case evaluation sanctions, explaining at the hearing on the motion as follows:

---

[1] A criminal case on the matter initiated by a complaint lodged by plaintiff's daughter—defendant's ex-wife—was dropped and all charges dismissed by the prosecutor.

[2] Defendant also moved for sanctions on the basis that the complaint was frivolous. See MCR 2.625(A)(2); MCL 600.2591. The trial court denied that motion, concluding that sanctions for a frivolous complaint were unwarranted.

And the court rule is explicit. Sanctions are appropriate. The amount of sanctions, however, are so it has to be considered reasonable under the circumstances. This did go to trial, and the Court dismissed the cause of action I believe before the jury considered the case in that there was not sufficient proofs presented. This was not a complex case . . . . I'm going to award $2,500.00 in attorney fees. And that's the extent of it.

An order and then a judgment were subsequently entered by the trial court awarding defendant $2,500 in case evaluation sanctions.[3]

Plaintiff filed his claim of appeal in which he indicated that he was appealing the order granting defendant's motion for case evaluation sanctions. Plaintiff's brief on appeal, however, is entirely devoted to setting forth arguments and allegations as to why he was entitled to succeed in the litigation. There is no discussion, argument, or analysis relative to the law or the facts in connection with case evaluation sanctions. At the same time, plaintiff's brief fails to frame any issue in the context of alleged error in granting the motion for directed verdict or the standards applicable to review its grant.

Plaintiff's recitations of the standards of review pertaining to the arguments presented are legally meaningless, e.g., "Oral financial bailment, in the light of the common and statutory law of the State of Michigan." Indeed, plaintiff's brief on appeal is comprised of allegations contained in his complaint and amended complaint, defendant's answers to the complaints, discovery requests and answers, references to exhibits not admitted at trial, occasional references to trial testimony, and numerous assertions unsupported by any citations to the record. To the extent that plaintiff is inartfully arguing that the trial court erred in granting defendant's motion for a directed verdict, and assuming that his claim of appeal actually identified the directed verdict decision as the matter being appealed, he has not properly presented a challenge to the directed verdict ruling, which would require reliance solely on the evidence submitted at trial. See *Dep't of Transp v McNabb*, 204 Mich App 674, 675; 516 NW2d 83 (1994) ("When ruling on a motion for a directed verdict, a trial court must consider the evidence presented at trial . . . .").[4] "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) (citation and quotation marks omitted).

Additionally, MCR 2.403(O)(1) provides that "[i]f a party has rejected an evaluation and the action proceeds to verdict, that party *must pay* the opposing party's actual costs unless the

---

[3] While the trial court granted defendant's motion for directed verdict at the trial, we cannot locate any formal order or judgment to that effect in the lower court record.

[4] As but one of many instances of improper and irrelevant argument, plaintiff states, "[Plaintiff's daughter] will testify at trial that . . . ."

verdict is more favorable to the rejecting party than the case evaluation." (Emphasis added.)[5] A "verdict" includes "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2)(c). With respect to such a verdict, which would include the trial court's ruling granting defendant's motion for directed verdict, "the court may, in the interest of justice, refuse to award actual costs." MCR 2.403(O)(11). But, as mentioned earlier, plaintiff presents no argument either challenging the case evaluation award or that the interest-of-justice exception should apply. Moreover, plaintiff does not cite MCR 2.403 anywhere in his appellate brief.

Plaintiff's brief on appeal simply does not pose any valid argument warranting reversal of the directed verdict ruling or the award of case evaluation sanctions.

We affirm. We award taxable costs to defendant as the prevailing party. MCR 7.219.

/s/ Thomas C. Cameron
/s/ Jane E. Markey
/s/ Stephen L. Borrello

---

[5] "Actual costs" include "those costs taxable in any civil action" and "a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation[.]" MCR 2.403(O)(6)(a) and (b).